# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and
MICHIGAN RETAILERS
ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her
official capacity as Governor of the State
of Michigan; MICHAEL A. COX, in his
official capacity as Attorney General of
the State of Michigan; and KYM L.
WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.
_____ /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

**PLAINTIFFS' EMERGENCY MOTION
FOR EXPEDITED BRIEFING SCHEDULE
ON PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION**

BODMAN LLP
By:    Dennis J. Levasseur (P39778)
        Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Fax: (313) 393-7579

    and

JENNER & BLOCK LLP
By:    Paul M. Smith
        Katherine A. Fallow
        Kathleen R. Hartnett
        Amy L. Tenney
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Fax: (202) 639-6066
Attorneys for Plaintiffs
_____ /

September 26, 2005

## PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs, by their undersigned attorneys, under E.D. Mich. 65.1, move the Court for an order setting plaintiffs' motion for preliminary injunction for an expedited hearing and briefing schedule.

Plaintiffs respectfully submit that an expedited briefing schedule is necessary to provide the Court sufficient time to rule on the plaintiffs' motion for a preliminary injunction in their constitutional challenge to a Michigan law that is due to go into effect on December 1, 2005. As explained below, plaintiffs, associations that represent video game publishers and retailers, have challenged Public Act 108 ("the Act").[1] The Act imposes serious content-based restrictions on video game expression, and plaintiffs are therefore seeking to enjoin the Act before it goes into effect. Given the proximity of the Act's effective date, plaintiffs are concerned that the normal briefing period under the Local Rules will not afford the Court sufficient time to rule on plaintiffs' motion. Accordingly, plaintiffs ask that the Court set a briefing schedule as set forth below.

In further support of their motion, plaintiffs state as follows:

1. This case, filed on Wednesday, September 21, 2005, involves a constitutional challenge to the Act, signed into law by Governor Jennifer Granholm on September 14, 2005.

2. The Act violates the First Amendment of the United States Constitution by creating penalties for the sale or rental of video games based solely on a game's "ultra-violent explicit" content.

3. The Act will go into effect on December 1, 2005. See, Exhibit A.

---

[1] Due to a printing error, the Act was originally published as Public Act 107. The Office of the Great Seal of the State of Michigan has subsequently corrected the mistake and it has been re-published as Public Act 108.

2

4. If the Act is allowed to take effect, it will have an immediate effect on the First Amendment rights of the plaintiffs, their members, and all Michigan residents.

5. For example, the Act makes it unlawful for any "person" to "disseminate" to a minor an "ultra-violent explicit video game that is harmful to minors." A person who violates this provision is "responsible for a state civil infraction" and may be ordered to pay a fine up to $40,000.

6. Under the Act, a person with "managerial responsibility for a business enterprise renting or selling ultra-violent explicit video games that are harmful to minors" may not "knowingly permit a minor who is not accompanied by a parent or guardian to play or view the playing" of such video games. A person who violates this provision is liable for a misdemeanor, imprisonment for up to 93 days, and/or a fine of up to $25,000.

7. Plaintiffs' Amended Complaint seeks, among other relief, a preliminary injunction enjoining the defendants from enforcing, or directing the enforcement of, the challenged provisions of the Act.

8. Plaintiffs are filing along with this motion a motion for preliminary injunction under Rule 65, Fed.R.Civ.P., and E.D. Mich. L.R. 65.1.

9. Under E.D. Mich. L.R. 65.1, motions for preliminary injunction must comply with the briefing requirements of L.R. 7.1(b)-(d).

10. Under E.D. Mich. L.R. 7.1, a motion for preliminary injunction is considered a dispositive motion. As a dispositive motion, defendants would be allowed 21 days after service to respond to the motion. Plaintiffs would be allowed seven days to file a reply brief.

11. Under the briefing schedule set out under E.D. Mich. L.R. 7.1, briefing would not be

completed until October 24. This would allow only five and a half weeks, including the Thanksgiving holiday, for the Court to conduct a hearing on the motion and make its ruling before the Act is scheduled to take effect.

12. E.D. Mich. L.R. 65.1 states that "the court may set a different time schedule for motions and briefing * * *."

13. As it is imperative that the parties are able to brief the motion for preliminary injunction, have oral argument on the issue of the preliminary injunction, and the Court has adequate time to decide the motion prior to December 1, 2005, the Court should set up an expedited briefing schedule for plaintiffs' motion for preliminary injunction.

14. Pursuant to E.D. Mich LR 7.1, plaintiffs' counsel sought concurrence in the relief requested in this motion. Concurrence was denied.

14. Plaintiffs propose that the briefing schedule be shortened to allow defendants 14 days to file their response brief and plaintiffs five days to file their reply brief. Additionally, plaintiffs ask the Court to schedule a hearing on the motion for October 31. This would give this Court ample opportunity to rule on the preliminary injunction before the December 1 effective date.

          Respectfully Submitted,

          BODMAN LLP

          By: Dennis J. Levasseur (P39778)
               Alicia J. Blumenfeld (P67511)
          100 Renaissance Center, 34th Floor
          Detroit, Michigan 48243
          Telephone: (313) 259-7777
          Fax: (313) 393-7579
          dlevasseur@bodmanllp.com
          ablumenfeld@bodmanllp.com

          JENNER & BLOCK LLP
          By: Paul M. Smith
               Katherine A. Fallow
               Kathleen R. Hartnett
               Amy L. Tenney
          601 Thirteenth Street, N.W., Suite 1200
          Washington, D.C. 20005
          Telephone: (202) 639-6000
September 26, 2005          Fax: (202) 639-6066

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and
MICHIGAN RETAILERS
ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her
official capacity as Governor of the State
of Michigan; MICHAEL A. COX, in his
official capacity as Attorney General of
the State of Michigan; and KYM L.
WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.
_____ /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

**BRIEF IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR
EXPEDITED BRIEFING SCHEDULE ON
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION**

BODMAN LLP
By:    Dennis J. Levasseur (P39778)
        Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Fax: (313) 393-7579

     and

JENNER & BLOCK LLP
By:    Paul M. Smith
        Katherine A. Fallow
        Kathleen R. Hartnett
        Amy L. Tenney
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Fax: (202) 639-6066
Attorneys for Plaintiffs
_____ /

**BRIEF IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION
FOR EXPEDITED BRIEFING SCHEDULE ON PLAINTIFFS'
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

In support of this motion, plaintiffs rely on Rule 65, Fed.R.Civ.P., and E.D. Mich. L.R. 65.1.

        Respectfully Submitted,

        BODMAN LLP

        By:    Dennis J. Levasseur (P39778)
              Alicia J. Blumenfeld (P67511)
        100 Renaissance Center, 34th Floor
        Detroit, Michigan 48243
        Telephone: (313) 259-7777
        Fax: (313) 393-7579
        dlevasseur@bodmanllp.com
        ablumenfeld@bodmanllp.com

        JENNER & BLOCK LLP
        By:    Paul M. Smith
              Katherine A. Fallow
              Kathleen R. Hartnett
              Amy L. Tenney
        601 Thirteenth Street, N.W., Suite 1200
        Washington, D.C. 20005
        Telephone: (202) 639-6000

September 26, 2005         Fax: (202) 639-6066

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.           /

Case No: 02:05-cv-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

## PROOF OF SERVICE

Kimberly Jarvis certifies that she is an employee of Bodman LLP, that on September 26, 2005 she caused to be served a copy of **Plaintiffs' Emergency Motion for Expediting Briefing Schedule on Plaintiffs' Motion for Preliminary Injunction** and this Proof of Service upon the person(s) listed below via **Hand Delivery** upon:

Denise C. Barton, Esq.
Assistant Attorney General
Department of Attorney General
525 W. Ottawa Street, Floor 5
Lansing, Michigan 48909

Jeffrey Caminsky, Esq.
Timothy A. Baughman, Esq.
Assistant Prosecuting Attorney
Wayne County
1441 St. Antoine St., Room 1200
Detroit, Michigan 48226

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

                                                _____
                                                Kimberly Jarvis