UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION, VIDEO SOFTWARE DEALERS ASSOCIATION, and MICHIGAN RETAILERS ASSOCIATION , <br><br>    Plaintiffs,<br>v<br><br>JENNIFER GRANHOLM, in her official capacity as Governor of the State of Michigan; MICHAEL A. COX, in his official capacity as Attorney General for the State of Michigan, et al, and KYM L. WORTHY, in her official capacity as Wayne County Prosecuting Attorney,<br><br>    Defendants. | No. 05-73634<br><br>HON. GEORGE CARAM STEEH<br>MAGISTRATE JUDGE PEPE |
| Dennis J. Levasseur (P39778)<br>Alicia J. Blumenfeld (P67511)<br>Bodman LLP<br>100 Renaissance Center<br>Detroit MI 48243<br>(313) 393-7596 | Paul M. Smith<br>Katherine A. Fallow<br>Kathleen R. Hartnett<br>Amy L. Tenney<br>Jenner & Block LLP<br>601 Thirteenth Street, NW, Ste 1200<br>Washington DC 20005<br>(202) 639-6000 |
| Denise C. Barton (P41535)<br>Attorney for Defendants<br>Michigan Department of Attorney General<br>Public Employment, Elections & Tort Div.<br>P.O. Box 30736<br>Lansing MI 48909<br>(517) 373-6434 | |

**MOTION TO DISMISS OF DEFENDANTS, GOVERNOR JENNIFER M. GRANHOLM AND ATTORNEY GENERAL MICHAEL A. COX**

  Defendants Jennifer M. Granholm, Governor of the State of Michigan, and Michael A.

Cox, Attorney General of the State of Michigan, through their attorneys, file this Motion to

Dismiss pursuant to Fed R Civ P 12 (b)(1) and (6) and state as follows:

1.	Plaintiffs have filed this Complaint pursuant to 42 USC § 1983 and have asserted various constitutional violations under the First and Fourteenth Amendments of the United States Constitution against the Governor and the Attorney General of the State of Michigan. Plaintiffs are seeking declaratory and injunctive relief to enjoin enforcement of Part II of the recently enacted Public Act 108 of 2005 ("Act"). Under Part II of the Act, a person is prohibited from disseminating, exhibiting, or displaying ultra-violent explicit video games to minors, which is defined as anyone under the age of 17. Plaintiffs are not challenging Part I of the Act which pertains to sexually explicit matter.

2.	For the reasons set forth on the accompanying brief, Plaintiffs' entire complaint should be dismissed with prejudice.

3.	On October 17, 2005, Plaintiffs' attorney was contacted by telephone in order to seek concurrence in this motion pursuant to ED Mich LCR 7.1(2). A conference was held between attorneys in which the nature of the motion and the legal basis for the motion were explained. Plaintiffs' attorney did not concur in the relief requested, necessitating this motion.

**RELIEF REQUESTED**

WHEREFORE, for the reasons set forth in the accompanying brief, Defendants respectfully request that this court dismiss Plaintiffs' Complaint with prejudice.

**BRIEF OF DEFENDANTS GOVERNOR JENNIFER M GRANHOLM AND ATTORNEY GENERAL MICHAEL A COX IN SUPPORT OF MOTION TO DISMISS**

**CONCISE STATEMENT OF ISSUES PRESENTED**

I. **US Const, Amend XI, bars suits in federal courts against the state, its agencies and officials sued in their official capacity unless immunity is waived by either the State of Michigan or Congress or unless under the Ex Parte Young doctrine, articulated in 209 US 123; 28 S Ct 441; 52 L Ed 714 (1908), a state official has engaged in an allegedly unconstitutional act. In this case, neither Governor Granholm nor Attorney General Cox have committed any allegedly unconstitutional acts. As the chief law enforcement officer of this State, Defendant Cox has not threatened prosecution nor prosecuted any individual with a violation of Public Act 108. Under these circumstances, the Ex Parte Young is inapplicable, and Plaintiffs ' claims are barred by the Eleventh Amendment**.

II. **This Court should abstain from deciding the delegation question because the question of whether the Michigan Legislature improperly delegated its authority to a private entity is a question primarily of state law. Alternatively, even if this Court does not abstain from deciding this question, the legislature did not delegate its power to a private entity. Under Michigan's Video Game Law, a good faith affirmative defense is available to a person if that person complies with a rating defense adopted by the entertainment industry. Because the rating system is being used in a defensive manner and not to define whether there has been a violation of Public Act 108, no impermissible delegation occurred.**

III. **Under 42 USC § 1983, a claimant can seek redress generally to vindicate certain federal constitutional and statutory rights, privileges, or immunities which have been deprived under color of law. Section 1983 is a remedial statute which does not create substantive rights by itself; rather, this statute seeks redress for federal constitutional and statutory violations. In this case, Count V is defective because it asserts that Section 1983 was violated without mentioning the specific federal constitutional or statutory provisions that are being violated.**

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Children's Healthcare is a Legal Duty, Inc v Deters,* 92 F3d 1412, 1415 (CA 6, 1996).

*Ex Parte Young doctrine*, 209 US 123; 28 S Ct 441; 52 L Ed 714 (1908)

*Mutual Insurance Company of America v Royal Appliance Manufacturing Company*, 2004 US App LEXIS 17805 (6th Cir 2004) (unpublished decision)

*Quackenbush v Allstate Ins Co,* 517 US 706, 716-717; 116 S Ct 1712; 135 L Ed 2d 1 (1996)

1963 Mich Const, art IV, § 1

**STATEMENT OF THE FACTS**

Plaintiffs, representatives of the entertainment and retailers associations, have filed this Complaint seeking declaratory and injunctive relief against Part I of Public Act 108 ("the Act") recently enacted by the legislature to restrict minors' access to ultra-violent video games. Under Part I of the Act, after December 1, 2005, it will be illegal for anyone in Michigan to disseminate, exhibit, or display certain ultra-violent explicit video games to minors, which is defined as anyone under the age of 17. Plaintiffs are not challenging Part II of Public Act 108, which restricts minors' access to sexually explicit video games. See Plaintiffs' First Amended Complaint (Complaint) at 2, fn 1.

Plaintiffs have filed their five count complaint against two state officials, Governor Jennifer M. Granholm and Attorney General Michael A. Cox, and one county official, Wayne County Prosecutor Kym L. Worthy. Count I of Plaintiffs' Complaint alleges that the Act violates the free expression guarantees of the First Amendment of the United States Constitution because video games--like books and newspapers that depict violence--are fully protected speech. Plaintiffs also allege that the Act does not support a compelling state interest in preventing harm to minors or to society because there is no causal connection between exposure to video games and violent behavior; and is not narrowly tailored to serve the state's compelling interest where alternatives exist to regulate violent video games, including encouraging awareness of the voluntary industry rating system.

Count II of the Complaint alleges that the Act is unconstitutionally vague. According to Plaintiffs, several key terms of the Act are inherently vague, fail to provide standards for determining which video games contain illegal content, and imposes an unconstitutional censorship scheme under the First and Fourteenth Amendment against creators, distributors,

retailers, and publishers of video games, as well as purchasers, renters, and other players of these games. Count III alleges that the Act violates the equal protection clause of the Fourteenth Amendment of the United States Constitution because it arbitrarily and irrationally restricts works of expression presented through the medium of video games and does not apply to other works of expression containing the same or similar content, such as cable television, broadcast television, movies, books, and magazines.

In Count IV, Plaintiff's allege that the Act's use of the rating system established by the entertainment industry impermissibly delegates legislative authority to a private organization in violation of the due process clause of the Fourteenth Amendment of the United States Constitution. Count V of the Act alleges that the actions by the Defendants violate federal law under 42 USC § 1983. For the reasons set forth in this Brief, Plaintiffs' Complaint should be dismissed under Fed R Civ P 12 (b)(1) and (6).

**ARGUMENT**

I.  **US Const, Amend XI, bars suits in federal courts against the state, its agencies and officials sued in their official capacity unless immunity is waived by either the State of Michigan or Congress or unless under the Ex Parte Young doctrine, articulated in 209 US 123; 28 S Ct 441; 52 L Ed 714 (1908), a state official has engaged in an allegedly unconstitutional act. In this case, neither Governor Granholm nor Attorney General Cox have committed any allegedly unconstitutional acts. As the chief law enforcement officer of this State, Defendant Cox has not threatened prosecution nor prosecuted any individual with a violation of Public Act 108. Under these circumstances, the Ex Parte Young is inapplicable, and Plaintiffs ' claims are barred by the Eleventh Amendment**.

A. **Applicable Law**

The Eleventh Amendment is a specific constitutional bar, which deprives a federal court of jurisdiction to hear claims against an unconsenting state that would otherwise be within its jurisdiction to decide. [1]

The United States Supreme Court has, however, recognized a narrow exception to this constitutional bar where suit against the official capacity of a state officer seeks prospective injunctive relief. [2] The *Ex parte Young* doctrine has also been extended to claims against state officials sued in their official capacity for declaratory relief. [3]

In *Ex parte Young*, plaintiffs, the railroads, sought an injunction against the attorney general of Minnesota, Edward T. Young, to prevent him from beginning any proceedings to enforce the challenged legislation. During the pendency of the lawsuit, the federal district court issued a preliminary injunction, enjoining Young from enforcing the law. Young, ignoring the court's order, filed a mandamus action against the railroad in state court to compel its compliance with the state law limiting railroad rates. In other words, it was the action by the Attorney General of Minnesota, as compared to the inaction by the state official that distinguishes *Young* from this case.

A Sixth Circuit case is dispositive on this question. In *Children's Healthcare is a Legal Duty, Inc v Deters*[4], Plaintiffs sued the Attorney General of the State of Ohio because they believed that certain provisions of State statutes were unconstitutional. The Sixth Circuit held that the Attorney General was immune from suit under the Eleventh Amendment and that the *Ex*

---

[1] *Pennhurst State School and Hospital v Halderman,* 465 US 89, 119-120; 104 S Ct 900; 79 L Ed 2d 67 (1984).
[2] *Ex parte Young,* 209 US 123; 28 S Ct 441; 52 L Ed 714 (1908).
[3] *Thiokol Corp v Department of Treasury*, 987 F2d 376, 381 (6th Cir 1993).
[4] 92 F3d 1412 (6th Cir 1996).

3

*parte Young* exception was inapplicable. The Sixth Circuit rejected reversed the trial court's decision that the Attorney General would represent the state's interest in that action and said[5]:

> The plaintiffs before us are not complaining of any action by [Attorney] General Montgomery. *What we have here is not action, but inaction, and Young does not apply.* The Attorney General did not threaten to commence and was not about to commence proceedings against the plaintiffs, much less proceedings to enforce an allegedly unconstitutional act.

Significantly, Plaintiffs' Complaint has failed to allege that the State Defendants have engaged in an unconstitutional act. While Plaintiffs' Complaint (¶ 16) refers to the statutory duties of the Attorney General to "supervise the work of, consult and advise the prosecuting attorneys"[6] as well as to prosecute any case in which "the people of this state may be . . . interested"[7], these general prosecutorial powers have not been considered sufficient to make the Attorney General a proper defendant under the *Ex parte Young* doctrine. In *Children's Healthcare is a Legal Duty, Inc v Deters*, the Sixth Circuit reaffirmed the principle that "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." [8] As a result, Plaintiffs' claims for prospective injunctive and declaratory relief should be dismissed against the Attorney General pursuant to Fed R Civ P 12 (b)(1).

Under this same line of reasoning, Governor Granholm is also entitled to assert Eleventh Amendment immunity.[9] Plaintiffs' Complaint is woefully deficient in attempting to abrogate the Governor's immunity. Plaintiff's Complaint (¶ 15) refers to the general "executive power"[10] of the Governor to faithfully execute the law of this State and does not rely upon a specific

---

[5] *Children's Healthcare is a Legal Duty, Inc v Deters*, 92 F3d, 1412, 1415 (CA 6, 1996).
[6] MCL §14.30.
[7] MCL §14.28.
[8] *Children's Healthcare is a Legal Duty, Inc v Deters*, 92 F3d at 1416.
[9] *Id.*
[10] 1963 Mich Const art V, §§ 1,8.

4

connection with any enforcement provisions of the Act. Under these circumstances, Governor Granholm is also entitled to Eleventh Amendment immunity. This Court should reject Plaintiffs' challenge to erode the principles of the Eleventh Amendment and dismiss Plaintiff's Complaint pursuant to Fed R Civ P 12(b)(1).

**II.    This Court should abstain from deciding the delegation question because the question of whether the Michigan Legislature improperly delegated its authority to a private entity is a question primarily of state law. Alternatively, even if this Court does not abstain from deciding this question, the legislature did not delegate its power to a private entity. Under Michigan's Video Game Law, a good faith affirmative defense is available to a person if that person complies with a rating defense adopted by the entertainment industry. Because the rating system is being used in a defensive manner and not to define whether there has been a violation of Public Act 108, no impermissible delegation occurred.**

Section 23 of the Act provides:

(1) It is an affirmative defense to an alleged violation under this part that the person acted in good faith. Except as provided in subsection (2), good faith exists if at the time the alleged violation occurs all of the following conditions are satisfied:

* * *

(c) Relying upon information described in subdivisions (a) and (b), the person complies with a rating system established by the pertinent entertainment industry that does not conflict with this part.[11]

Count IV of Plaintiffs' Complaint (¶ 72) alleges that "the Act impermissibly delegates legislative authority to an undefined entity (but presumably the ESRB)." Plaintiffs do not elaborate on this particular allegation in their brief accompanying their Motion For Preliminary Injunction. In the absence of such an explanation from Plaintiffs, Plaintiffs' claim is murky.

1963 Mich Const, art IV, § 1 provides that "[t]he legislative power of the State of Michigan is vested in a senate and a house of representatives." The question of whether the State

5

of Michigan improperly delegated its authority to a private entity is "a question of Michigan law over which the Michigan Supreme Court has the final say." [12] Because this question implicates important state law interests, this Court should abstain from deciding this question.

Although federal courts have a duty to exercise jurisdiction conferred upon them by Congress, that duty is not absolute. The United States Supreme Court has long acknowledged that federal courts require latitude to decline jurisdiction where such an exercise would be inimical to comity and federalism.[13] Jurisdiction may also be declined where necessary to preserve federal-state relations and to ensure wise judicial administration. This discretion applies whether the matter is civil or criminal, and whether the relief sought is legal or equitable.[14]

The need to observe principles of comity and federalism is even more acute where, as here, the Plaintiffs ask this Court to interfere with separation of powers issues--which are at the core of Michigan's Constitution.[15]

Even if this Court does not abstain in this case, no unlawful delegation occurred. The standard for the Act is not the ESRB rating system but the "harmful to minors" standard that containing language closely mirroring the *Miller* obscenity test.[16] The Act does not give the ESRB the power to define what is an ultra-violent video grame. The ESRB rating is merely one of a number of conditions that might allow a person to assert an affirmative defense. Such a

---

[11] Exhibit 1 to Plaintiffs' Amended Complaint, Enrolled Senate Bill No 416.
[12] See *Mutual Insurance Company of America v Royal Appliance Manufacturing Company*, 2004 US App LEXIS 17805 (6th Cir 2004) (unpublished decision) (Attachment 1).
[13] *Quackenbush v Allstate Ins Co,* 517 US 706, 716-717; 116 S Ct 1712; 135 L Ed 2d 1 (1996).
[14] *Id.*
[15] *Id.;* 1963 Mich Const, art IV, § 1
[16] *Miller v California,* 413 US 15; 93 S Ct 2607; 37 L Ed 419 (1973).

6

reference to an industry standard is not uncommon. [17]

Ironically, while the Plaintiffs are criticizing the Michigan legislature for referring to "standards" in the Act— these standards were presumably established by one of the Plaintiffs in this case -- the Entertainment Software Association. [18]Notwithstanding this criticism, the Act neither relies on the Entertainment Software Rating Board system nor delegates the legislature's authority without accompanying legislative standards. [19] In *Currin v Wallace*, the United Supreme Court held that Congress did not impermissibly delegate its legislative authority to a private entity when Congress merely placed a restriction upon its own regulation by withholding its operation as to a given tobacco market "unless two-thirds of the growers voting favor it." [20]The use of an industry standard in the Act is, therefore, a permissible exercise of power by the Michigan Legislature. As a result, Count IV of Plaintiffs' Complaint should be dismissed with prejudice.

**III.    Under 42 USC § 1983, a claimant can seek redress generally to vindicate certain federal constitutional and statutory rights, privileges, or immunities which have been deprived under color of law. Section 1983 is a remedial statute which does not create substantive rights by itself; rather, this statute seeks redress for federal constitutional and statutory violations. In this case, Count V is defective because it asserts that Section 1983 was violated without mentioning the specific federal constitutional or statutory provisions that are being violated.**

Count V of Plaintiffs' Complaint alleges a violation of 42 USC § 1983. Plaintiffs have framed the pertinent allegations from Count V (¶ 75) as follows:

---

[17] See *People v Luera*, 86 Cal App 4th 513, 519-20, 103 Cal Rptr 2d 438, 442-443 (Cal App 2nd Dist 2001) (a statute which created an affirmative defense rated by the Motion Picture Association of America was valid).
[18] See Declaration of Douglas Lowenstein, Appendix 3 to Memorandum In Support of Plaintiffs' Motion For Preliminary Injunction, ¶ 4.
[19] See *Currin v Wallace*, 306 US 1, 15-16; 59 S Ct 379; 83 L Ed 441 (1939).
[20] *Id*; Accord *Cusack Co. v. Chicago*, 242 US 526, 530, 37 S Ct 190; 61 LE 472(1917).

> The challenged provisions of the Act would cause Plaintiffs and their members to be subjected to the deprivation of rights, privileges, and immunities secured to them by the Constitution and laws of the United States. The challenged provisions thus constitute a deprivation of rights actionable under 42 USC § 1983.

Because Plaintiffs have failed to allege a violation of a specific federal constitutional or statutory violation in connection with their Section 1983 claim, their claim should be dismissed with prejudice. It is well-settled that:

> two elements are required for a prima facie case under § 1983: There must be conduct by someone acting under color of state law and this conduct must deprive the plaintiff of rights secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981). *Section 1983 is a remedial statute which does not create substantive rights. Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 616-18, 60 L. Ed. 2d 508, 99 S. Ct. 1905 (1979). It provides a remedy for the violation of rights created elsewhere. As the Supreme Court made clear in *Maine v. Thiboutot*, 448 U.S. 1, 65 L. Ed. 2d 555, 100 S. Ct. 2502 (1980), § 1983 provides a remedy for actions under color of law which contravene federally protected rights, whether those rights derive from the Constitution or from a federal statute.[21]

Count V of Plaintiffs' Complaint should be dismissed with prejudice pursuant to Fed R Civ P 12 (b)(6).

**RELIEF REQUESTED**

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

MICHAEL A. COX
Attorney General

*s/ Denise C. Barton (P41535)*
Denise C. Barton (P41535)
Assistant Attorney General

---

[21] *Day v Wayne County Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984)(emphasis added).

8

                                                      Public Employment, Elections
                                                      & Tort Defense Division

Dated: October 17, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>October 17, 2005</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following: Motion to Dismiss of Defendants, Governor Jennifer M. Granholm and Attorney General Michael A. Cox with Supporting Brief.

                                            *s/ Denise C. Barton (P41535)*
                                            Dept of Attorney General
                                            Public Employment, Elections & Tort Defense Div.
                                            P.O. Box 30736
                                            Lansing, MI 48909-8236
                                            (517) 373-6434
                                            Email: bartond@michigan.gov