UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION, VIDEO SOFTWARE DEALERS ASSOCIATION, and MICHIGAN RETAILERS ASSOCIATION, <br><br>            Plaintiffs, <br><br> v <br><br> JENNIFER GRANHOLM, in her official capacity as Governor of the State of Michigan; MICHAEL A. COX, in his official capacity as Attorney General for the State of Michigan, et al, and KYM L. WORTHY, in her official capacity as Wayne County Prosecuting Attorney, <br><br>            Defendants. | No. 05-73634 <br><br> HON. GEORGE CARAM STEEH <br> MAGISTRATE JUDGE PEPE |
| Dennis J. Levasseur (P39778) <br> Alicia J. Blumenfeld (P67511) <br> Bodman LLP <br> 100 Renaissance Center <br> Detroit MI 48243 <br> (313) 393-7596 | Paul M. Smith <br> Katherine A. Fallow <br> Kathleen R. Hartnett <br> Amy L. Tenney <br> Jenner & Block LLP <br> 601 Thirteenth Street, NW, Ste 1200 <br> Washington DC 20005 <br> (202) 639-6000 |
| Denise C. Barton (P41535) <br> Attorney for Defendants <br> Michigan Department of Attorney General <br> Public Employment, Elections & Tort Div. <br> P.O. Box 30736 <br> Lansing MI 48909 <br> (517) 373-6434 | |

## MOTION OF DEFENDANTS, GOVERNOR JENNIFER M. GRANHOLM AND ATTORNEY GENERAL MICHAEL A. COX, FOR TRANSFER OF VENUE TO THE WESTERN DISTRICT OF MICHIGAN

Defendants, through their attorneys, Michael A. Cox, Attorney General for Michigan,

Denise C. Barton, Assistant Attorney General, move this court for a transfer of venue in the

captioned for the reasons because venue is improperly laid in the Eastern District and, alternatively, because venue should be transferred to the Western District for the convenience of the parties and the witnesses as set forth in the accompanying Brief. On October 17, 2005, Plaintiffs' attorney was contacted by telephone in order to seek concurrence in this motion pursuant to ED Mich LCR 7.1(2). A conference was held between attorneys in which the nature of the motion and the legal basis for the motion were explained. Plaintiffs' attorney did not concur in the change of venue, necessitating this motion.

## **RELIEF REQUESTED**

Defendants request the court grant this motion and change venue to the federal district for the Western District of Michigan where the incident on which this complaint is based occurred; where the documents relevant to this case is located; and where the state government is headquartered.

**BRIEF OF DEFENDANTS, GOVERNOR JENNIFER M. GRANHOLM
AND ATTORNEY GENERAL MICHAEL A. COX, IN SUPPORT OF
MOTION TO CHANGE VENUE**

**CONCISE STATEMENT OF ISSUES PRESENTED**

I.    Venue in this case is improperly laid in the Eastern District and should be changed to the Western District of Michigan where the incident on which this complaint is based occurred; where the official records and evidence related to the passage of this legislature are located; where the headquarters of the State are located; and where the public has an interest in the outcome of this case.  Alternatively, venue should be changed for the convenience of the parties for these same reasons.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Amphion, Inc v Buckeye Elec Co*, 285 F Supp 2d 943, 945 (ED Mich 2003)

*First of Mich Corp v Bramlet*, 141 F3d 260, 263 (6th Cir 1998)

*Florida Nursing Home Ass'n v Page*, 616 F2d 1355 (5th Cir 1980)

*Heller Financial, Inc v Midwhey Powder Co, Inc*, 883 F2d 1286, 1293 (7th Cir 1989)

*Interactive Digital Software Ass'n v St Louis County,* 329 F3d 954 (8th Cir, 2003)

*Int'l Union, UAW v Aluminum Co of America*, 875 F Supp 430, 433 (ND Ohio 1995)

*LeRoy v Great Western United Corp*, 443 US 173, 183, 184; 9 S Ct 2710; 61 L Ed 2d 464 (1979)

*O'Neill v Battisti*, 472 F2d 789 (6th Cir 1972)

*Overland, Inc v Taylor*, 79 F Supp 2d 809, 811 (ED Mich 2000)

*Quackenbush v Allstate Ins, Co*, 517 US 706, 722; 116 S Ct 1712; 135 L Ed 2d 1 (1996)

*Rowe v Chrysler Corp*, 520 F Supp 15, 16 (Ed Mich 1981)

*Taylor v White, et al*, 132 FRD 636, 640 (ED Pa 1990)

*Thomas v Home Depot USA, Inc*, 131 F Supp 2d 934, 936 (ED Mich 2001)

STATEMENT OF FACTS

Public Act 108 of 2005 was enacted by the Michigan Legislature and signed by Governor Jennifer Granholm on September 14, 2005. (First Amended Complaint (Amended Compl), Exhibit 1). Public Act 108 prohibits the dissemination, exhibition, or display of certain sexually explicit and ultra-violent explicit video games to minors. (Amended Compl, ¶2). Plaintiffs', Entertainment Software Association (ESA), Video Software Dealers Association (VSDA), and Michigan Retailers Association ("MRA"), have filed this lawsuit to enjoin Part II of the Act, pertaining to ultra-violent explicit video games. Plaintiffs are not challenging Part I of the Act, which governs the dissemination, exhibition, or display of certain sexually explicit matter. (Amend Compl, p1, ftn 2).

**I.     Venue in this case is improperly laid in the Eastern District and should be changed to the Western District of Michigan where the incident on which this complaint is based occurred; where the official records and evidence related to the passage of this legislature are located; where the headquarters of the State are located; and where the public has an interest in the outcome of this case. Alternatively, venue should be changed for the convenience of the parties for these same reasons.**

   A.     Venue Is Improperly Laid in the Eastern District

Venue is a creature of statute. The general venue statutes are 28 USC §§ 1391 and 1392. The former is at issue here and reads pertinently:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 USC §1391(b). The purpose of statutorily specified venue is to protect the defendant against the risk that plaintiff will select an unfair or inconvenient place of trial. *LeRoy v Great Western*

*United Corp*, 443 US 173, 183, 184; 9 S Ct 2710; 61 L Ed 2d 464 (1979). Interpreting this statutory venue provision the Supreme Court concluded:

> … it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts. [citation omitted] Rather, it restricted venue either to the residence of the defendants or to "a place which may be more convenient to the litigant" – i.e., both of them – "or to the witnesses who are to testify in the case." [citations omitted] In our view, therefore, the broadest interpretation of the language of §1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) district that with approximately equal plausibility – in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant 9but not the plaintiff) – may be assigned as the locus of the claim. [citation omitted] *Leroy*, 443 US at 185.

Because, in some cases, there may be more than one proper district for venue purposes, the federal courts look at such factors as the relevant evidence and witnesses, the nature of the action; where the acts or a substantial part of the action complained of occurred; the location of future action that may arise from the incident or case; and, if defendants are public officials, where they performed those official duties in determining where venue should be laid. *LeRoy*, 443 US at 185, 186; *First of Mich Corp v Bramlet*, 141 F3d 260, 263 (6th Cir 1998); *Florida Nursing Home Ass'n v Page*, 616 F2d 1355 (5th Cir 1980); *O'Neill v Battisti*, 472 F2d 789 (6th Cir 1972); *Taylor v White, et al*, 132 FRD 636, 640 (ED Pa 1990). Here, applying these factors warrants the conclusion that venue is only proper in the Western District.

For purposes of this case, defendants "reside" in the Western District because that is where they performed their official duties giving rise to this complaint. *O'Neill, supra*. All of the events surrounding the passage of Public Act 108 occurred in the Western District. Under Mich Const, art 3, §1, the seat of government is in Lansing. The official records of the legislature are located in the Western District. The legislature passed, and the Governor signed the

2

legislation at issue in Lansing, Michigan.  For purposes of this case, then, venue is proper only in the Western District.   Even the headquarters of the Michigan Retailers Association is located in Lansing, Michigan, which is in the Western District.  (Amend Compl ¶ 11)

By comparison, Plaintiffs, ESA have its principal place of business in the District of Columbia and are organized under the laws of the State of Delaware.  (Amend Compl, ¶ 9).  The other Plaintiff VSDA, is also located out of state and has its principal place of business in Los Angeles, California.  (Amend Compl, ¶ 10).  Although Plaintiffs have alleged in their First Amended Complaint, that the members of the ESA have a number of entities that "publish, distribute, and/or supply video games to owners and operators of sale and rental outlets within Wayne County and throughout Michigan," Plaintiffs have not identified any specific incident that has given rise to their selection of the Eastern District as the forum in which to litigate this case.

  B. <u>The Western District is the most convenient forum</u>

Even where venue is proper, the district court may transfer venue "for the convenience of the parties and witnesses [and] in the interest of justice."  28 USC §1404(a)   Under this statute, the district court has the authority to transfer an action to "any other district or division where it might be brought. "  Id.  In making this decision, the district court must determine 1) whether the action could have been brought in the proposed transferee district; 2) whether a transfer would promote the interests of justice; and 3) whether a transfer would serve the parties' and witnesses' convenience.  Id.   The district court has broad discretion to grant or deny a motion for transfer of venue under 28 USC § 1404(a).  *Quackenbush v Allstate Ins, Co*, 517 US 706, 722; 116 S Ct 1712; 135 L Ed 2d 1 (1996); *Heller Financial, Inc v Midwhey Powder Co, Inc*, 883 F2d 1286, 1293 (7th Cir 1989); *Overland, Inc v Taylor*, 79 F Supp 2d 809, 811 (ED Mich 2000). Because

the alternative forum for this case is not "abroad" as discussed in *Quackenbush, Id*, this statutory test applies here.

The moving party, here the defendants, bears the burden of demonstrating by a preponderance of the evidence, in light of the cited factors, that "fairness and practicality strongly favor the forum to which transfer is sought." *Amphion, Inc v Buckeye Elec Co*, 285 F Supp 2d 943, 945 (ED Mich 2003); *Thomas v Home Depot USA, Inc*, 131 F Supp 2d 934, 936 (ED Mich 2001); *Int'l Union, UAW v Aluminum Co of America*, 875 F Supp 430, 433 (ND Ohio 1995); *Rowe v Chrysler Corp*, 520 F Supp 15, 16 (Ed Mich 1981).

In this case, the action could have and should have been brought in the Western District because not only did a substantial part, but all of the events giving rise to this complaint occurred there and defendants "reside" their with respect to the performance of their official duties, thus satisfying the first criteria of § 1404(a).  The district court should apply the following factors in determining the remaining two criteria:

> 1) the convenience of witnesses; 2) the location of relevant documents and relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with the governing law; 8) the weight accorded the plaintiff's choice of forum; and 9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *Overland*, 79 F Supp 2d at 811; *Pilates, Inc v Pilates Institute, Inc*, 891 F Supp 175, 183 (SDNY 1995).

The following witnesses who have been identified by the Plaintiffs are from out of state and therefore do not favor the Eastern District as the forum in which to litigate this case: Crossan R. Anderson, President of the Video Software Dealers Association, is a resident of Los Angeles California; (Tab 1 of Plaintiffs' Appendix to Plaintiffs' Brief in Support of Motion for Preliminary Injunction); Ted Price, President and CEO of Insomniac Games, Inc. Burbank, California (Tab 2); Jaime Borash, Senior Manager, Corporate Communications at Ubisoft

4

Entertainment of Paris, France (Tab 4); Brad Carraway, Senior Global Brand Manager at THQ, headquartered in Los Angeles County, California (Tab 5); Ken Chan, a marketing specialist in Sony Computer Entertainment America, Inc. based in Foster City, California (Tab 6); Rey Jimenez, Associate Publishing Project Manager at Capcom Entertainment, Inc., headquartered in Sunnyvale, California (Tab 7); Genevieve Waldman, Global Group PR Manager at Microsoft Corporation, headquartered in Redmond, Washington (Tab 8); and David Rosen, Product Manager at Electronic Arts, is headquartered in Redwood City, California (Tab 9). The individuals who have been identified to date as possible witnesses in the case are from Ingham County. They are Sergeant Matthew Bolger of the Michigan State Police from Ingham County and Sheriff Gene Wriggelsworth from Ingham County. (See Attachment 1, Affidavit of Sheriff Gene Wriggelsworth). Under these circumstances, Ingham County is the forum with contacts to witnesses in this case.

Here the evidence before the court indicates, with respect to factors (2) and (4) that the Western District is clearly more convenient. The legislative records are located in the Western District. The Clerk's Office of the House and Senate Judiciary are located in Lansing, Michigan. The headquarters of state government is also located in Lansing, Michigan, which is located in the Western District. Factors (2) and (4) weighs in favor of the Western District, as the "locus" of the passage of this state law.

The Western District also satisfies factors (5) and (6) because process to compel the attendance of witness is available, 28 USC §1783, and the forum is familiar with the governing law applicable to plaintiff's federal law claims.

Factor (6), the relevant means of the parties, is irrelevant to this analysis, as the costs of litigation are not substantially altered by transferring the case to the Western District. The

5

individuals listed above who signed declarations in support of Plaintiffs' Motion For Preliminary Injunction are from out of state. According to the Plaintiffs' First Amended Complaint, Plaintiff VSDA "is the not-for-profit international trade association for the $24 billion home entertainment industry." (Amended Compl, ¶10). Additionally, the VSDA has had the resources to support litigation in other jurisdictions. See, e.g., *Interactive Digital Software Ass'n v St Louis County,* 329 F3d 954 (8th Cir 2003).

Factor (8), the weight accorded the plaintiff's choice of forum, also weighs in favor of transfer. *Leroy*, 443 US at 183, 184. The only contact with the Eastern District alleged by plaintiff is the office location of the Wayne County Prosecutor, who has not filed an appearance in this case and has indicated that her office will not be an active participant in this litigation. (See Attachment 2, Letter dated October 3, 2005 from Attorney Jeffrey Caminsky to the Court) Additionally, Michigan's Attorney General, whose office is located in Lansing, has the duty of supervising and advising all prosecuting attorneys. MCL 14.30. Plaintiffs have failed to identify any fact, witness, or evidentiary connection in this case to the Eastern District. Clearly little or no weight need be given to plaintiff's choice of forum based on the case law cited above since it is the convenience of the defendants and witness which is paramount in the venue determination.

Factor (9), without question, weighs in favor of the Western District. Trial would obviously be more efficient in the Western District as the witnesses identified from Michigan and the documentary evidence are, for the most part, located there.

## CONCLUSION AND RELIEF SOUGHT

Defendants request the district court to grant this motion and change venue to the Western District of Michigan because venue is improperly laid in the Eastern District based on

6

the applicable facts and law and, alternatively, because venue in the Western District would be more convenient as argued above.

                                    Respectfully submitted,

                                    MICHAEL A. COX
                                  Attorney General

                                  *s/ Denise C. Barton (P41535)*
                                  Denise C. Barton (P41535)
                                  Assistant Attorney General
                                  Public Employment, Elections
                                  & Tort Defense Division

Dated:  October 17, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following: Motion of Defendants, Governor Jennifer M. Granholm and Attorney General Michael A. Cox for Transfer of Venue to the Western District of Michigan.

                                  *s/ Denise C. Barton (P41535)*
                                  Dept of Attorney General
                                  Public Employment, Elections & Tort Defense Div.
                                  P.O. Box 30736
                                  Lansing, MI 48909-8236
                                  (517) 373-6434
                                  Email: bartond@michigan.gov