# Tab 8-C

# House Journal Activity

8/31/05 – Substitute (H-1) not adopted, substitute (H-2) adopted, placed on third reading, placed on immediate passage, passed; given immediate effect Roll Call # 357 Yeas 104 Nays 3, title amended, returned to Senate – House Journal No. 71, p. 1254.

# No. 71
## STATE OF MICHIGAN
## JOURNAL
### OF THE
# House of Representatives
### 93rd Legislature
### REGULAR SESSION OF 2005

House Chamber, Lansing, Wednesday, August 31, 2005.

1:00 p.m.

The House was called to order by the Speaker.

The roll was called by the Clerk of the House of Representatives, who announced that a quorum was present.

| | | | |
|---|---|---|---|
| Accavitti—present | Emmons—present | Leland—present | Robertson—present |
| Acciavatti—present | Espinoza—present | Lemmons, III—present | Rocca—present |
| Adamini—present | Farhat—present | Lemmons, Jr.—present | Sak—present |
| Amos—present | Farrah—present | Lipsey—present | Schuitmaker—present |
| Anderson—present | Gaffney—present | Marleau—present | Shaffer—present |
| Angerer—present | Garfield—present | Mayes—present | Sheen—present |
| Ball—present | Gillard—present | McConico—present | Sheltrown—present |
| Baxter—present | Gleason—present | McDowell—present | Smith, Alma—present |
| Bennett—present | Gonzales—present | Meisner—present | Smith, Virgil—present |
| Bieda—excused | Gosselin—present | Meyer—present | Spade—present |
| Booher—present | Green—present | Miller—present | Stahl—present |
| Brandenburg—present | Hansen—present | Moolenaar—present | Stakoe—present |
| Brown—present | Hildenbrand—present | Moore—present | Steil—present |
| Byrnes—present | Hood—present | Mortimer—present | Stewart—present |
| Byrum—present | Hoogendyk—present | Murphy—present | Taub—present |
| Casperson—present | Hopgood—present | Newell—present | Tobocman—present |
| Caswell—present | Huizenga—present | Nitz—present | Vagnozzi—present |
| Caul—present | Hummel—present | Nofs—present | Van Regenmorter—present |
| Cheeks—present | Hune—present | Palmer—present | Vander Veen—present |
| Clack—present | Hunter—present | Palsrok—present | Walker—present |
| Clemente—present | Jones—present | Pastor—present | Ward—present |
| Condino—present | Kahn—present | Pavlov—present | Waters—present |
| Cushingberry—excused | Kehrl—present | Pearce—present | Wenke—present |
| DeRoche—present | Kolb—present | Phillips—present | Whitmer—present |
| Dillon—present | Kooiman—present | Plakas—present | Williams—present |
| Donigan—present | LaJoy—excused | Polidori—present | Wojno—present |
| Drolet—present | Law, David—present | Proos—present | Zelenko—present |
| Elsenheimer—present | Law, Kathleen—present | | |

e/d/s = entered during session

### Second Reading of Bills

**Senate Bill No. 416, entitled**

A bill to amend 1978 PA 33, entitled "An act to prohibit the dissemination, exhibiting, or displaying of certain sexually explicit matter to minors; to prohibit certain misrepresentations facilitating the dissemination of sexually explicit matter to minors; to provide penalties; to provide for declaratory judgments and injunctive relief in certain instances; to impose certain duties upon prosecuting attorneys and the circuit court; to preempt local units of government from proscribing certain conduct; and to repeal certain acts and parts of acts," by amending the title and sections 1, 2, and 4 (MCL 722.671, 722.672, and 722.674), section 1 as amended by 2003 PA 192, and by adding part II and a heading for part I; and to repeal acts and parts of acts.

Was read a second time, and the question being on the adoption of the proposed substitute (H-1) previously recommended by the Committee on Judiciary,

The substitute (H-1) was not adopted, a majority of the members serving not voting therefor.

Rep. Nofs moved to substitute (H-2) the bill.

The motion prevailed and the substitute (H-2) was adopted, a majority of the members serving voting therefor.

Rep. Ward moved that the bill be placed on the order of Third Reading of Bills.

The motion prevailed.

Rep. Ward moved that the bill be placed on its immediate passage.

The motion prevailed, a majority of the members serving voting therefor.

By unanimous consent the House returned to the order of

### Third Reading of Bills

**Senate Bill No. 416, entitled**

A bill to amend 1978 PA 33, entitled "An act to prohibit the dissemination, exhibiting, or displaying of certain sexually explicit matter to minors; to prohibit certain misrepresentations facilitating the dissemination of sexually explicit matter to minors; to provide penalties; to provide for declaratory judgments and injunctive relief in certain instances; to impose certain duties upon prosecuting attorneys and the circuit court; to preempt local units of government from proscribing certain conduct; and to repeal certain acts and parts of acts," by amending the title and sections 1, 2, and 4 (MCL 722.671, 722.672, and 722.674), section 1 as amended by 2003 PA 192, and by adding part II and a heading for part I; and to repeal acts and parts of acts.

Was read a third time and passed, a majority of the members serving voting therefor, by yeas and nays, as follows:

**Roll Call No. 357**                                **Yeas—104**

| | | | |
|---|---|---|---|
| Accavitti | Espinoza | Lemmons, Jr. | Rocca |
| Acciavatti | Farhat | Lipsey | Sak |
| Adamini | Farrah | Marleau | Schuitmaker |
| Amos | Gaffney | Mayes | Shaffer |
| Anderson | Gillard | McConico | Sheen |
| Angerer | Gleason | McDowell | Sheltrown |
| Ball | Gonzales | Meisner | Smith, Alma |
| Baxter | Gosselin | Meyer | Smith, Virgil |
| Bennett | Green | Miller | Spade |
| Booher | Hansen | Moolenaar | Stahl |
| Brandenburg | Hildenbrand | Moore | Stakoe |
| Brown | Hood | Mortimer | Steil |
| Byrnes | Hoogendyk | Murphy | Stewart |
| Byrum | Hopgood | Newell | Taub |
| Casperson | Huizenga | Nitz | Tobocman |
| Caswell | Hummel | Nofs | Vagnozzi |
| Caul | Hune | Palmer | Van Regenmorter |
| Cheeks | Hunter | Palsrok | Vander Veen |
| Clack | Jones | Pastor | Walker |

No. 71]           [August 31, 2005] JOURNAL OF THE HOUSE                    1255

| Clemente | Kahn | Pavlov | Ward |
| Condino | Kehrl | Pearce | Waters |
| DeRoche | Kooiman | Phillips | Wenke |
| Dillon | Law, David | Plakas | Whitmer |
| Donigan | Law, Kathleen | Polidori | Williams |
| Elsenheimer | Leland | Proos | Wojno |
| Emmons | Lemmons, III | Robertson | Zelenko |

Nays—3

| Drolet | Garfield | Kolb |

In The Chair: Kooiman

The question being on agreeing to the title of the bill,
Rep. Ward moved to amend the title to read as follows:
A bill to amend 1978 PA 33, entitled "An act to prohibit the dissemination, exhibiting, or displaying of certain sexually explicit matter to minors; to prohibit certain misrepresentations facilitating the dissemination of sexually explicit matter to minors; to provide penalties; to provide for declaratory judgments and injunctive relief in certain instances; to impose certain duties upon prosecuting attorneys and the circuit court; to preempt local units of government from proscribing certain conduct; and to repeal certain acts and parts of acts," by amending the title and sections 1, 2, and 4 (MCL 722.671, 722.672, and 722.674), section 1 as amended by 2003 PA 192, and by adding sections 12a and 12b, part II, and a heading for part I; and to repeal acts and parts of acts.
The motion prevailed.
The House agreed to the title as amended.
Rep. Ward moved that the bill be given immediate effect.
The motion prevailed, 2/3 of the members serving voting therefor.

---

Rep. Drolet, having reserved the right to explain his protest against the passage of the bill, made the following statement:
"Mr. Speaker and members of the House:
While this bill is well-intended, it is unnecessary and would plainly violate the First Amendment.
Restricting minors' access to video games based on 'violent' content is contrary to overwhelming judicial precedent. Every court having considered the issue has held that the government may not impose a content-based legal burden on video games or minors' access to video games. In these cases, courts have uniformly held that video games, just like books, movies, and television, are fully protected expression under the First Amendment. Courts have struck down parallel laws attempting to restrict the distribution of 'violent' video games because they failed to meet the exacting standards of strict scrutiny.
Restrictions on 'violent' video games may not be justified under the narrow doctrine established by the Supreme Court in Brandenburg v. Ohio. Under that doctrine, 'violent' speech may only be regulated if such speech is 'directed to inciting' and 'likely' to incite 'imminent' violence. The courts have uniformly held that there is no proof that 'violent' video games (or any video games) have a causal link to real-world harm.
This bill is not supported by the most independent research performed on the subject. Dr. Olson, Professor of Psychiatry at Harvard Medical School's Center for Mental Health and Media concluded in an article in Academic Psychiatry, Summer, 2004, 'Contrary to media headlines and public perceptions, there is little evidence of a substantial link between exposure to violent interactive games and serious real life violence or crime... It's time to move beyond blanket condemnations and frightening anecdotes and focus on developing targeted educational and policy interventions based on solid data.' Even the Journal of the American Medical Association published research by Brian Vastag last fall finds that 'Consensus is lacking on whether video games with violent content fuel aggressive behavior in children and adolescents.' This summer, the first long-term longitudinal study on the effects of playing online violent video games, funded by the University of Michigan, found no long-term increased levels of aggression from online game play.

1256        JOURNAL OF THE HOUSE [August 31, 2005]        [No 71

Additionally, restricting 'violent' video games can not be upheld as a traditional 'harmful to minors' statute That narrow category, which may be regulated consistent with the First Amendment, is unquestionably limited to sexual speech. Two federal courts of appeals rejected 'harmful to minors'-styled enactments that restricted minors' access to 'violent' video games. And in a recent case in Washington, the federal district court expressly rejected a lower level 'harmful to minors' standard of scrutiny, noting that the Supreme Court has limited that analysis to material 'which is of sexual interest to minors '

Finally, this bill is unconstitutional for the additional reason that there are less speech-restrictive alternatives to achieve the bill's end. The ESRB rating system which retailers across the state of Michigan are voluntarily enforcing represents one such less restrictive alternative "

### Second Reading of Bills

**Senate Bill No. 463, entitled**
A bill to amend 1978 PA 33, entitled "An act to prohibit the dissemination, exhibiting, or displaying of certain sexually explicit matter to minors; to prohibit certain misrepresentations facilitating the dissemination of sexually explicit matter to minors; to provide penalties; to provide for declaratory judgments and injunctive relief in certain instances; to impose certain duties upon prosecuting attorneys and the circuit court; to preempt local units of government from proscribing certain conduct; and to repeal certain acts and parts of acts," by amending section 3 (MCL 722.673), as amended by 2003 PA 192

Was read a second time, and the question being on the adoption of the proposed substitute (H-2) previously recommended by the Committee on Judiciary,

The substitute (H-2) was adopted, a majority of the members serving voting therefor
Rep. Ward moved that the bill be placed on the order of Third Reading of Bills.
The motion prevailed.
Rep. Ward moved that the bill be placed on its immediate passage
The motion prevailed, a majority of the members serving voting therefor.

By unanimous consent the House returned to the order of
### Third Reading of Bills

**Senate Bill No. 463, entitled**
A bill to amend 1978 PA 33, entitled "An act to prohibit the dissemination, exhibiting, or displaying of certain sexually explicit matter to minors; to prohibit certain misrepresentations facilitating the dissemination of sexually explicit matter to minors; to provide penalties; to provide for declaratory judgments and injunctive relief in certain instances; to impose certain duties upon prosecuting attorneys and the circuit court; to preempt local units of government from proscribing certain conduct; and to repeal certain acts and parts of acts," by amending section 3 (MCL 722.673), as amended by 2003 PA 192.

Was read a third time and passed, a majority of the members serving voting therefor, by yeas and nays, as follows:

**Roll Call No. 358**        **Yeas—106**

| | | | |
|---|---|---|---|
| Accavitti | Espinoza | Lemmons, Jr. | Rocca |
| Acciavatti | Farhat | Lipsey | Sak |
| Adamini | Farrah | Marleau | Schuitmaker |
| Amos | Gaffney | Mayes | Shaffer |
| Anderson | Garfield | McConico | Sheen |
| Angerer | Gillard | McDowell | Sheltrown |
| Ball | Gleason | Meisner | Smith, Alma |
| Baxter | Gonzales | Meyer | Smith, Virgil |
| Bennett | Gosselin | Miller | Spade |
| Booher | Green | Moolenaar | Stahl |
| Brandenburg | Hansen | Moore | Stakoe |
| Brown | Hildenbrand | Mortimer | Steil |
| Byrnes | Hood | Murphy | Stewart |
| Byrum | Hoogendyk | Newell | Taub |
| Casperson | Hopgood | Nitz | Tobocman |