UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.
        /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

BODMAN LLP
By:    Dennis J. Levasseur (P39778)
        Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Facsimile: (313) 393-7579

    and

JENNER & BLOCK LLP
By:    Paul M. Smith
        Katherine A. Fallow
        Kathleen R. Hartnett
        Amy L. Tenney
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066
        /

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
By:    Denise C. Barton (P41535)
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
Attorney for Defendants Governor
Jennifer A. Granholm and Attorney
General Michael A. Cox

**PLAINTIFFS' OPPOSITION TO THE MOTION OF GOVERNOR JENNIFER M.
GRANHOLM AND ATTORNEY GENERAL MICHAEL A. COX FOR TRANSFER OF
<u>VENUE TO THE WESTERN DISTRICT OF MICHIGAN</u>**

Dockets.Justia.com

Plaintiffs Entertainment Software Association, Video Software Dealers Association, and Michigan Retailers Association, by and through their undersigned counsel, respond in opposition to the motion of Governor Jennifer M. Granholm and Attorney General Michael A. Cox for transfer of venue to the Western District of Michigan. In support, plaintiffs rely on the accompanying brief.

For the reasons stated in the accompanying brief, this Court should deny the motion to transfer venue.

        Respectfully submitted,

        BODMAN LLP

        By:   /s/ Alicia J. Blumenfeld
               Dennis J. Levasseur (P39778)
               Alicia J. Blumenfeld (P67511)
        100 Renaissance Center, 34th Floor
        Detroit, Michigan 48243
        Telephone: (313) 259-7777
        Facsimile: (313) 259-7579
        dlevasseur@bodmanllp.com
        ablumenfeld@bodmanllp.com

        and

        JENNER & BLOCK LLP
        By:   Paul M. Smith
               Katherine A. Fallow
               Kathleen R. Hartnett
               Amy L. Tenney
        601 Thirteenth Street, N.W., Suite 1200
        Washington, DC 20005
        Telephone: (202) 639-6000
        Facsimile: (202) 639-6066

October 27, 2005

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.
_____/

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

BODMAN LLP
By:    Dennis J. Levasseur (P39778)
        Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Facsimile: (313) 393-7579
       and
JENNER & BLOCK LLP
By:    Paul M. Smith
        Katherine A. Fallow
        Kathleen R. Hartnett
        Amy L. Tenney
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
_____/

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
By:    Denise C. Barton (P41535)
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
Attorney for Defendants Governor
Jennifer A. Granholm and Attorney
General Michael A. Cox

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION
TO THE MOTION OF GOVERNOR JENNIFER M. GRANHOLM AND
ATTORNEY GENERAL MICHAEL A. COX FOR TRANSFER
OF VENUE TO THE WESTERN DISTRICT OF MICHIGAN**

## INTRODUCTION

Plaintiffs Entertainment Software Association ("ESA"), Video Software Dealers Association ("VSDA"), and Michigan Retailers Association ("MRA") filed their First Amended Complaint on September 23, 2005, seeking, *inter alia*, an injunction prohibiting Michigan Governor Jennifer A. Granholm, Michigan Attorney General Michael A. Cox and Wayne County Prosecuting Attorney Kym L. Worthy from enforcing the recently enacted Public Act 108 ("the Act"), which threatens to impose substantial civil and criminal sanctions against those who "disseminate" or display "violent" video games to minors. The Complaint alleges that the Act violates Plaintiffs' members' First Amendment and Due Process rights, and will have a chilling effect on protected speech if it is enforced. Because the Act is due to go into effect on December 1, 2005, Plaintiffs have moved for a preliminary injunction, which is currently pending before the Court.

Defendants Granholm and Cox have moved for a transfer of venue, claiming alternatively that venue is "improperly laid" in the Eastern District of Michigan, or that this Court should transfer the case to the Western District of Michigan for the convenience of the parties.[1] As shown below, Plaintiffs' choice of venue is wholly proper under 28 U.S.C. § 1391(b). Moreover, Defendants have failed to show why Plaintiffs' choice of venue should be disturbed. *See United States v. Edward Rose & Sons*, 246 F. Supp. 2d 744, 755 (E.D. Mich. 2003) ("[A] court should defer to a plaintiff's choice of venue and a defendant moving for transfer must overcome the presumption that plaintiff has chosen the proper forum."), *aff'd*, 384 F.3d 258 (6th Cir. 2004); *Black v. Open Solutions, Inc.*, No. 05-469, 2005 WL 1882386, at *3 (M.D. Tenn.

---

[1] Only Defendants Granholm and Cox have moved for transfer of venue. Defendant Worthy has not made an official appearance. Unless otherwise specified, references to "Defendants" in the context of this motion are only to Defendants Granholm and Cox.

Aug. 9, 2005) ("Plaintiff's choice of venue should not be lightly disturbed."). Accordingly, Defendants' motion should be denied.

## I. THIS COURT IS THE PROPER VENUE FOR PLAINTIFFS' CONSTITUTIONAL CHALLENGE.

Contrary to Defendants' assertion, venue in this Court is wholly proper under 28 U.S.C. § 1391. In particular, the venue statute provides that, in federal question cases such as this one, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State," and/or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2). Although Plaintiffs need satisfy only one of these scenarios, venue in this Court is proper under both provisions.

*First*, Plaintiffs properly filed their complaint in the Eastern District pursuant to § 1391(b)(1) because one of the defendants – Kym Worthy, the Wayne County prosecuting attorney – resides within this District. Because Defendant Worthy resides in this District, and because all Defendants reside in Michigan, Plaintiffs' choice of venue is proper under a straightforward application of § 1391(b)(1). Moreover, because the Governor and the Attorney General perform their official duties throughout the State – including in this District – they also "reside" in the Eastern District for venue purposes. *See Bay County Democratic Party v. Land*, 340 F. Supp. 2d 802, 808-09 (E.D. Mich. 2004) (rejecting Secretary of State's motion to transfer venue, and holding that Secretary resided in Eastern District for purposes of the federal venue statute). Defendants' argument that venue is not proper ignores the plain meaning of § 1391(b)(1) and is incorrect.

*Second*, although not necessary to a finding that the venue statute is satisfied, venue is also proper under § 1391(b)(2). In considering whether "a substantial part of the events giving

2

rise to" Plaintiffs' claims occurred within this District, the Court looks at whether the Eastern District "has a substantial connection to the claim, *whether or not other forums had greater contacts.*" *Bay County*, 340 F. Supp. 2d at 808-09 (quoting *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)) (emphasis added). "In cases involving state officials, a substantial connection to the claim occurs not only where the 'triggering event' takes place, but also where the effects of the decision are felt." *Id.* at 809.

As Plaintiffs allege in their Complaint, the Act will have a substantial chilling effect on the protected expression of Plaintiffs' members and their customers in the Eastern District (as well as throughout the State). *See* First Am. Compl. ¶¶ 5, 6. Therefore, venue is proper under § 1391(b)(2). *See Bay County*, 340 F. Supp. 2d at 809; *Emison v. Catalano*, 951 F. Supp. 714, 721 (E.D. Tenn. 1996) (suit alleging violation of First Amendment rights may be brought in the district where the challenged statute's effects are felt, regardless of the place of enactment).[2]

## II. DEFENDANTS PRESENT NO BASIS FOR OVERRIDING PLAINTIFFS' CHOICE OF VENUE.

Apparently recognizing that venue in the Eastern District is proper under § 1391(b), Defendants argue that the "convenience of the parties" warrants a transfer to the Western District

---

[2] Although not necessary to the venue analysis, Defendants ignore that many of the events leading to the Act's passage took place in the Eastern District. For example, Governor Granholm has cited the work of Senator Hansen Clarke and Representative Kathy Angerer – whose constituencies are in the Eastern District – as being "instrumental" in getting the Act passed. *See* Press Release, Office of Governor Jennifer A. Granholm, *Granholm Signs New Laws to Protect Children from Violent and Sexually-Explicit Video Games*, http://www.michigan.gov/gov/0,1607,7-168-23442_21974-126002--M_2005_9,00.html (Sept. 12, 2005); *see also* Press Release, Office of Governor Jennifer A. Granholm, *Granholm Announces Investigation Reveals Children Have Wide Access to Violent Video Games*, http://www.michigan.gov/gov/0,1607,7-168-23442_21974-117289--M_2005_5,00.html (May 4, 2005) ("May 4, 2005 Press Release"); Press Release, Office of Governor Jennifer A. Granholm, *Governor Granholm Applauds Senate Approval of Bills Banning Sale of Violent and Sexually Explicit Video Games to Minors,* http://www.michigan.gov/gov/0,1607,7-168-23442_21974-117943--M_2005_5,00.html (May 12, 2005). Furthermore, four of the six Michigan counties in which the State conducted its "sting operations" on media sales are in the Eastern District.

pursuant to 28 U.S.C. § 1404(a). Defendants carry the burden of showing that "fairness and practicality *strongly* favor the forum to which transfer is sought." *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003) (emphasis added). "Generally, courts grant substantial deference to the plaintiffs' choice of a forum." *Bay County*, 340 F. Supp. 2d at 809 (citing *Steelcase, Inc. v. Mar-Mol Co.*, 210 F. Supp. 2d 920, 937 (W.D. Mich. 2002)). As demonstrated below, Defendants do not even approach meeting their burden of justifying a transfer of venue.

A. **The Minimal Distance Involved Does Not Justify Transferring Venue.**

Defendants' claims about the greater "convenience" of the Western District should carry particularly little weight because of the small distances involved between the districts. Defendants claim that the "locus" of the case is in Lansing, because that is where the Act was passed. But Lansing is slightly under 100 miles from this Court. Therefore, transfer simply would not materially affect the convenience of the parties.[3] Indeed, in a virtually indistinguishable case, this Court held that the defendant state officials could not "overcome the deference due the plaintiffs' choice of forum" when they requested a transfer from Bay City to Lansing for many of the same reasons asserted here. *Bay County*, 340 F. Supp. at 809; *see also* 15 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3854, at 470 (2d ed. 1986) (collecting cases and noting that courts have held that § 1404(a) "should not be invoked for transfer between two courts if there is only a relatively short distance between them and it can be

---

[3] There is currently no district court judge sitting in Lansing (because Judge McKeague has been elevated to the Sixth Circuit Court of Appeals). Therefore, Defendants are essentially seeking to have this case transferred to Grand Rapids, which is approximately 65 miles from Lansing. This further undermines Defendants' claim that the Western District is more "convenient" than this Court.

4

traveled easily"). The proximity of the two districts strongly weighs against any claims that the parties' convenience will be enhanced by a change of venue.[4]

### B. The Other § 1404 Factors Do Not Support a Transfer.

Other than a desire to litigate this case in a forum that is slightly closer to their office (or perhaps for forum shopping purposes), Defendants have failed to point to a single factor – much less an overwhelming balance of factors – that militates in favor of transfer here. Defendants correctly recite the non-exclusive list of factors that courts consider in deciding whether a plaintiff's choice of forum should be overruled. State Mem. at 4. But Defendants' purported justifications for transferring venue essentially boil down to two thin grounds: (1) that the State's official records are located in the Western District; and (2) that two witnesses identified by Defendants reside in the Western District. Both contentions fail to support a transfer of venue.

#### 1. The Location of the Legislative Records Is Immaterial for Venue.

Defendants contend that the Western District is "clearly more convenient," in part because the legislative records are located there. But Defendants have already provided much of the legislative history of the Act to the Plaintiffs (and have submitted some of the records to the Court). Defendants offer no explanation for why they could not complete production of the legislative documents by sending copies to Plaintiffs, as they have done so far. Defendants' argument that the outcome of this litigation will somehow hinge on where the "official" copies are located is simply nonsensical.

---

[4] Moreover, in denying the venue transfer request in *Bay County*, the court expressly noted that "[t]he Michigan attorney general, who represents the defendants in this case, regularly litigates in this Court. An argument premised on inconvenience is difficult to accept when the defendants routinely conduct business around the state and their advocate routinely appears in this Court." 340 F. Supp. at 809. The same principle applies here.

5

Indeed, the Western District of Arkansas rejected a similar argument in *Arkansas Right to Life State Political Action Committee v. Butler*, 972 F. Supp. 1187 (W.D. Ark. 1997), a case challenging the constitutionality of a state statute. There, the defendants claimed, *inter alia*, that the case should be transferred because the relevant, voluminous records were located in the proposed transferee district. *Id.* at 1193. Although the court recognized that the records would be "relevant to weighing the constitutional nature of the Act," it "seriously doubt[ed]" that the location of the records would have a bearing on the outcome of the case," and denied the motion to transfer venue. *Id.* at 1194 ("The court cannot imagine that the parties would attempt or be required to submit all of those records for the court's examination, nor can the court foresee that the parties would be required to continually return to the records for reexamination."). Likewise, here, the location of the legislative records underlying the Act is irrelevant and cannot serve as a basis for transfer.

### 2. Defendants Are Able to Call Their Witnesses in this District.

Defendants also claim that a transfer is warranted because, at this early stage in the litigation, they have identified two potential witnesses that reside in Ingham County, and therefore it would be more convenient to try the case in the Western District. Putting aside Defendants' selective naming of two witnesses,[5] this is not a sufficient reason to override Plaintiffs' choice of venue. Given these witnesses' active involvement in the passage of the Act, Defendants' assertion that it would be necessary to compel the attendance of these witnesses in this District seems implausible. Even assuming that Defendants could not voluntarily secure the

---

[5] Many residents of the Eastern District were actively involved in Defendant Granholm's undercover investigation that led to the passage of the legislation and were "applauded" by Defendant Granholm for their work. *See* May 4, 2005 Press Release. These individuals include law enforcement officials from Lenawee, Monroe, Genesee, and Wayne Counties. *Id.* Yet they are not named as potential witnesses.

6

testimony of their own witnesses, they likely could be compelled to appear at a hearing under Rule 45(b)(2) of the Federal Rules of Civil Procedure, because Ingham County appears to be less than 100 miles from this Court.[6]

### 3. No Other Factor Supports Transfer.

Finally, Defendants' other arguments also fail to tip the balance in their favor:

- Defendants inexplicably argue that the Western District is a more appropriate forum because that court is "familiar with the governing law applicable to plaintiffs' federal law claims." State Mot. at 5. However, because "all federal judges are adept in interpreting federal law," 15 Wright, et al., *Federal Practice & Procedure*, § 3854, at 469, this factor would typically be neutral. Here, however, this Court has already invested its resources on the pending Preliminary Injunction motion. This factor therefore weighs in Plaintiffs' – not Defendants' – favor.

- Defendants suggest that Defendant Worthy's status as a defendant is immaterial to the venue analysis because she "has not filed an appearance in this case and has indicated that her office will not be an active participant in the litigation." State Mot. at 6. Defendant Worthy's decision not to file a responsive pleading and to defer to the other defendants' litigation strategies does not change the fact that she is a proper defendant in Plaintiffs' lawsuit, and that she resides in this District. Indeed, in a separate filing, the Governor and the Attorney General argue that

---

[6] Rule 45(a)(3) also provides for enforcement of a subpoena to attend trial in the same state in which the witness resides, is employed, or regularly conducts business, subject to a showing of need. Defendants' citation to 28 U.S.C. § 1783 regarding service of process is irrelevant: § 1783 relates to the court's ability to compel testimony of witnesses outside the United States and has no bearing on the facts and issues in this lawsuit.

7

they are not proper defendants – thus making Worth an even more important defendant. Although, as explained in Plaintiffs' opposition brief, the motion to dismiss is meritless, under Defendants' own theory, their choice of venue should be accorded even less deference.

- Contrary to Defendants' claims, the interests of justice and efficiency weigh in Plaintiffs' favor, given that (1) Plaintiffs' Preliminary Injunction motion has already been fully briefed in this Court; (2) this Court has already scheduled a hearing on that motion; and (3) the Act is set to go into effect in less than five weeks. The interests of justice and efficiency compel a conclusion that venue should not be transferred to the Western District.

## CONCLUSION

For the foregoing reasons, this Court should deny the motion to transfer venue.

        Respectfully submitted,

        BODMAN LLP


        By:   /s/ Alicia J. Blumenfeld
               Dennis J. Levasseur (P39778)
               Alicia J. Blumenfeld (P67511)
        100 Renaissance Center, 34th Floor
        Detroit, Michigan 48243
        Telephone: (313) 259-7777
        Facsimile: (313) 259-7579
        dlevasseur@bodmanllp.com
        ablumenfeld@bodmanllp.com

        and

        JENNER & BLOCK LLP
        By:   Paul M. Smith
               Katherine A. Fallow
               Kathleen R. Hartnett
               Amy L. Tenney
        601 Thirteenth Street, N.W., Suite 1200
        Washington, DC 20005
        Telephone: (202) 639-6000
        Facsimile: (202) 639-6066

October 27, 2005

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.      /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

## PROOF OF SERVICE

    Alicia J. Blumenfeld certifies that she is an employee of Bodman LLP, that on October 27, 2005 she caused to be served a copy of **plaintiffs' opposition to the motion of Governor Jennifer M. Granholm and Attorney General Michael A. Cox for transfer of venue to the Western District of Michigan** and this Proof of Service upon the person(s) listed below via electronic filing:

        Denise C. Barton, Esq.
        Jason R. Evans, Esq.
        Assistant Attorney General
        Department of Attorney General
        525 W. Ottawa Street, Floor 5
        P.O. Box 30736
        Lansing, Michigan 48909

    I declare under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

                      /s/ Alicia J. Blumenfeld
                          Alicia J. Blumenfeld