UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and
MICHIGAN RETAILERS ASSOCIATION,

          Plaintiffs,

vs.

Case No. 05-CV-73634

HON. GEORGE CARAM STEEH

JENNIFER GRANHOLM, in her official
capacity as Governor of the State of
Michigan; MICHAEL A. COX, in his
official capacity as Attorney General
for the State of Michigan, et al., and
KYM L. WORTHY, in her official capacity
as Wayne County Prosecuting Attorney,

          Defendants.
_____/

ORDER GRANTING DEFENDANTS GOVERNOR JENNIFER M.
GRANHOLM AND ATTORNEY GENERAL MICHAEL COX'S MOTION
TO DISMISS AS TO COUNT V AND DENYING THE MOTION TO
DISMISS AS TO ALL OTHER COUNTS [DOC. # 26]

      This case involves the constitutionality of Michigan 2005 Public Act 108 ("P.A. 108" or "the Act"), which was signed into law by Gov. Granholm on September 14, 2005, and was to go into effect on December 1, 2005.  The Act is designed to prohibit the dissemination, exhibiting, or display of certain sexually explicit and ultra-violent explicit video games to minors without the consent of their parents or guardians, and provides civil and criminal penalties against those who violate the Act.  For purposes of this action, plaintiffs are not contesting the constitutionality of Part I of the Act relating to sexually explicit video games.  The focus is on Part II, which relates to ultra-violent

1

explicit video games. This Court granted plaintiffs' motion for preliminary injunction, preventing defendants and their officers, employees and representatives from enforcing Part II of the Act.

Plaintiffs Entertainment Software Association ("ESA"), Video Software Dealers Association ("VSDA"), and Michigan Retailers Association ("MRA") are associations of companies that create, publish, distribute, sell, and/or rent video games. Presently before the Court is the motion to dismiss filed by defendants Governor Jennifer M. Granholm and Attorney General Michael A. Cox. The defendants make three arguments for dismissal, which will be addressed below.

I. Immunity Under *Ex parte Young*

The Eleventh Amendment generally deprives a federal court of jurisdiction to hear claims against an unconsenting state that would otherwise be within the court's jurisdiction. There is an exception to this constitutional bar which authorizes suits against state officers in their official capacities for prospective relief. Ex parte Young, 209 U.S. 123 (1908). Young permits suit against a state official who has "some connection with the enforcement of the act." Id. at 157.

In this case, plaintiffs and their members face an immediate risk of statewide enforcement of the Act and its likely unconstitutional restrictions on speech. The Attorney General has the power and duty to enforce the Act under Michigan law. MCLA §§ 14.28, 14.30. The Governor has the responsibility to "take care that the laws be faithfully executed" as the head of the executive branch, and "may initiate court proceedings in the name of the state to enforce compliance with any . . . legislative

mandate. . . ." Mich. Const. art. V § 8; <u>Allied Artists Picture Corp. v. Rhodes</u>, 679 F.2d 656, 666 n.5 (6th Cir. 1982).

Moreover, plaintiffs' members and consumers will suffer First Amendment harm in the form of self-censorship and chilling of speech, whether or not any prosecutions or enforcement actions are ever brought to enforce the Act. In the case on which defendants rely, <u>Children's Healthcare is a Legal Duty, Inc. v. Deters</u>, 92 F.3d 1412 (6th Cir. 1996), the plaintiffs challenged the constitutionality of certain exceptions to a law that established a duty to provide adequate care for children under a person's care and authorized prosecution for failure to provide that care. <u>Id</u>. at 1413. The Sixth Circuit concluded, "[w]hat we have here is not action, but inaction, and *Young* does not apply." <u>Id</u>. at 1416. In this case, Supreme Court precedent establishes that plaintiffs will suffer a violation of their First Amendment rights by the mere existence of the Act, whether or not they are ever prosecuted, and thus plaintiffs are authorized to bring a pre-enforcement suit. <u>Dombrowski v. Pfister</u>, 380 U.S. 479, 483-87 (1965).

II. <u>Due Process Claim</u>

Defendants maintain that the court should abstain from considering Count IV of the Amended Complaint, or in the alternative, the claim must be dismissed. Count IV alleges that the Act violates due process "[b]y delegating the power to determine what video games are subject to the law's restrictions to a private organization, and without any accompanying legislative standards." In its response to defendants' motion to dismiss, plaintiffs explain that by delegating the ability to delineate the line between legal and illegal conduct to the Entertainment Software Rating Board ("ESRB"), a private body that does not operate pursuant to any legislated or permanent standards,

the Act violates due process and the First and Fourteenth Amendments. The Act provides an affirmative defense to certain potential violations when a person selling a video game "complies" with an industry rating system, or when a business "enforces" a policy requiring its employees to "comply" with the rating system. Act, pt II, § 23(1)(c), (2)(a) and (2).

Defendants first argue that the question of whether Michigan has improperly delegated its authority to a private entity is "a question of Michigan law over which the Michigan Supreme Court has the final say." See Mutual Insurance Company of America v. Royal Appliance Manufacturing Company, 2004 U.S. App. LEXIS 17805 (6th Cir. 2004). However, the case relied on by defendants concerned a challenge to a statute based on the theory that the statute constituted an unconstitutional delegation of legislative authority under the Michigan Constitution. In this case, Count IV is based on violations of due process under the United States Constitution. There is no reason for this court to abstain from considering the delegation issue set forth in Count IV.

Defendants' second argument is that no unlawful delegation occurred because the standard under the Act is not the ESRB rating system, but the "harmful to minors" standard that mirrors the obscenity test from Miller v. California, 413 U.S. 15 (1973). The Act clearly refers to compliance with "a rating system established by the pertinent entertainment industry that does not conflict with this part." Act, pt II, § 23(1)(c) and (2). The entertainment industry rating system referred to is plainly that established by the ESRB. In the case of the affirmative defenses under the Act, there is a delegation to a private, voluntary rating system that is not subject to judicial review. See Freedman v.

<u>Maryland</u>, 380 U.S. 51 (1965). As such, the court will not dismiss Count IV of the Amended Complaint.

III. <u>42 U.S.C. § 1983</u>

Defendants argue that plaintiffs' Count V, which purports to state a cause of action under 42 U.S.C. § 1983, should be dismissed for failure to allege a specific federal constitutional or statutory violation. Plaintiffs do not object to the dismissal of Count V, because their constitutional claims are covered in Counts I to IV.

IV. <u>Conclusion</u>

For the reasons stated above, defendants' motion to dismiss is granted as to Count V, and denied as to the remainder of plaintiffs' Amended Complaint.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 19, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk