UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION, VIDEO SOFTWARE DEALERS ASSOCIATION, and MICHIGAN RETAILERS ASSOCIATION, <br><br> Plaintiffs, <br><br> v <br><br> JENNIFER M. GRANHOLM, in her official capacity as Governor of the State of Michigan; MICHAEL A. COX, in his official capacity as Attorney General for the State of Michigan, et al, and KYM L. WORTHY, in her official capacity as Wayne County Prosecuting Attorney, <br><br> Defendants. | No. 05-73634 <br><br> HON. GEORGE CARAM STEEH <br> MAGISTRATE JUDGE PEPE |
| Dennis J. Levasseur (P39778) <br> Alicia J. Blumenfeld (P67511) <br> Bodman LLP <br> 100 Renaissance Center <br> Detroit MI 48243 <br> (313) 393-7596 | Paul M. Smith <br> Katherine A. Fallow <br> Kathleen R. Hartnett <br> Amy L. Tenney <br> Jenner & Block LLP <br> 601 Thirteenth Street, NW, Ste 1200 <br> Washington DC 20005 <br> (202) 639-6000 |
| Denise C. Barton (P41535) <br> Jason R. Evans (P61567) <br> Ann Sherman (P67762) <br> Attorneys for Defendants <br> Michigan Department of Attorney General <br> Public Employment, Elections & Tort Div. <br> P.O. Box 30736 <br> Lansing MI 48909 <br> (517) 373-6434 | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Governor Jennifer M. Granholm and Attorney General Michael A. Cox, by counsel, answer Plaintiffs' First Amended Complaint as follows:

## NATURE OF ACTION

1. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1.

2. The allegations of paragraph 2 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

3. The allegations contained in paragraph 3 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

4. The allegations contained in paragraph 4 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

5. The allegations contained in paragraph 5 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

6. The allegations contained in paragraph 6 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

## JURISDICTION AND VENUE

7. The allegations of paragraph 7 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

8. The allegations of paragraph 8 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

**PARTIES**

9. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 9.

10. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10.

11. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11.

12. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

14. The allegations contained in paragraph 14 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

15. Defendant admits that Jennifer M. Granholm is the Governor of the State of Michigan. The remaining allegations of paragraph 15 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said remaining allegations are denied as untrue.

16. Defendant admits that Michael A. Cox is the Attorney General of the State of Michigan. The remaining allegations of paragraph 16 contain conclusions of law, not averments

of fact, and therefore no response is required. To the extent a response may be deemed necessary, said remaining allegations are denied as untrue.

17. Defendant Kym L. Worthy was served separately and an appearance was entered on her behalf by separate counsel. Defendants defer to her attorneys to answer any allegations on her behalf. If an answer is required, Defendants state that the allegations of paragraph 17 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

## BACKGROUND

### Video Games and the First Amendment

18. The allegations contained in paragraph 18 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

19. The allegations contained in paragraph 19 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

20. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 20.

21. The allegations of paragraph 21 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

22. The allegations contained in paragraph 22 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

23. The allegations contained in paragraph 23 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

### **The Act**

24. Defendants admit the allegations of fact contained in paragraph 24.

25. The allegations contained in paragraph 25 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

26. The allegations contained in paragraph 26 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

27. The allegations of paragraph 27 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

28. The allegations of paragraph 28 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

29. The allegations of paragraph 29 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

30. The allegations of paragraph 30 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

31. The allegations of paragraph 31 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

32. The allegations of paragraph 32 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

33. The allegations of paragraph 33 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

34. The allegations of paragraph 34 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

35. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 35.

36. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 36.

37. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 37.

38. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 38.

39. The allegations of paragraph 39 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

## **The Act does not violate the First Amendment**

40. The allegations of paragraph 40 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

41. The allegations contained in paragraph 41 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

42. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

44. The allegations of paragraph 44 contain conclusions of law, not averments of fact, and therefore no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

45. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

47. The allegations contained in paragraph 47 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

48. The allegations contained in paragraph 48 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

49. The allegations contained in paragraph 49 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

50. The allegations contained in paragraph 50 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

51. The allegations contained in paragraph 51 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

52. The allegations contained in paragraph 52 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

53. The allegations contained in paragraph 53 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

54. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 54.

55. The allegations of paragraph 55 contain conclusions of law, not averments of fact, and therefore no response is required.

**COUNT I**

56. Defendants incorporate paragraphs 1 through 55 of this Answer.

57. The allegations contained in paragraph 57 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

58. The allegations contained in paragraph 58 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

59. The allegations contained in paragraph 59 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

60. The allegations contained in paragraph 60 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

## COUNT II

61. Defendants incorporate paragraphs 1 through 60 of this Answer.

62. The allegations contained in paragraph 62 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

63. The allegations contained in paragraph 63 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

64. The allegations contained in paragraph 64 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

65. The allegations contained in paragraph 65 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

66. The allegations contained in paragraph 66 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

## COUNT III

67. Defendants incorporate paragraphs 1 through 66 of this Answer.

68. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 68.

69. The allegations contained in paragraph 69 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

70. The allegations contained in paragraph 70 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

## COUNT IV

71. Defendants incorporate paragraphs 1 through 70 of this Answer.

72. The allegations contained in paragraph 72 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

73. The allegations contained in paragraph 73 contain conclusions of law, not averments of fact, for which no response is required. To the extent a response may be deemed necessary, said allegations are denied as untrue.

## COUNT V

74.     Defendants incorporate paragraphs 1 through 73 of this Answer.

75-76   Defendants deny the allegations for the reason that this claim was dismissed by the Court in an Opinion dated January 19, 2006.

Defendants pray the Court enter its judgment denying Plaintiffs' Complaint with prejudice and award them any other relief it determines appropriate.

## PRAYER FOR RELIEF

(a)     As the allegations in paragraph (a) of the Prayer for Relief, it contain conclusions of law, not averments of fact, and therefore no response is required.  To the extent a response may be deemed necessary, said allegations are denied as untrue.

(b)     As the allegations in paragraph (b) of the Prayer for Relief, it contain conclusions of law, not averments of fact, and therefore no response is required.  To the extent a response may be deemed necessary, said allegations are denied as untrue.

(c)     As the allegations in paragraph (c) of the Prayer for Relief, it contain conclusions of law, not averments of fact, and therefore no response is required.  To the extent a response may be deemed necessary, said allegations are denied as untrue.

(d)     As the allegations in paragraph (d) of the Prayer for Relief, it contain conclusions of law, not averments of fact, and therefore no response is required.  To the extent a response may be deemed necessary, said allegations are denied as untrue.

(e)     As the allegations in paragraph (e) of the Prayer for Relief, it contain conclusions of law, not averments of fact, and therefore no response is required.  To the extent a response may be deemed necessary, said allegations are denied as untrue.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' Complaint does not comply with the pleading requirements found in the Federal Rules of Civil Procedure.

3. The District Court lacks jurisdiction over the Defendants.

4. The District Court lacks subject matter jurisdiction.

5. Plaintiffs' Complaint is barred by the Eleventh Amendment.

6. This Court should abstain from deciding the delegation question because the question of whether the Michigan Legislature improperly delegated its authority to a private entity is a question primarily of state law.

7. Defendants reserve the right to assert additional affirmative defenses as they become known during the course of this litigation.

Defendants pray the Court enter its judgment denying Plaintiffs' Complaint with prejudice and award them any other relief it determines appropriate.

                Respectfully submitted,

                Michael A. Cox
                Attorney General

                *s/ Denise C. Barton*
                P.O. Box 30736
                Lansing, MI 48909
                Primary E-Mail: Bartond@michigan.gov
                (P41535)

Dated: February 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following: Answer to First Amended Complaint and Affirmative Defenses.

                *s/ Denise C. Barton*
                Dept of Attorney General
                Public Employment, Elections & Tort Defense Div.
                P.O. Box 30736
                Lansing, MI 48909-8236
                (517) 373-6434
                Primary E-mail: bartond@michigan.gov
                (P41535)

2005/entertainment/answer(amended cmplt)