# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and
MICHIGAN RETAILERS
ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her
official capacity as Governor of the State
of Michigan; MICHAEL A. COX, in his
official capacity as Attorney General of
the State of Michigan; and KYM L.
WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.
        /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

**PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS**

BODMAN LLP
By:   Dennis J. Levasseur (P39778)
       Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Facsimile: (313) 393-7579

    and

JENNER & BLOCK LLP
By:   Paul M. Smith
       Katherine A. Fallow
       Kathleen R. Hartnett
       Amy L. Tenney
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
              /

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
By:   Denise C. Barton (P41535)
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
Attorney for Defendants Governor
Jennifer A. Granholm and Attorney
General Michael A. Cox

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs, by their attorneys, respectfully move this Court for an order granting attorneys' fees, expenses, and costs to Plaintiffs, as the prevailing party in their First Amendment challenge to the "ultra-violent explicit video game" portion of 2005 Mich. Public Act 108. Plaintiffs seek a total sum of $233,235.01 in fees and costs. In support of this motion, Plaintiffs rely on 28 U.S.C. § 1920, 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and the attached brief, including the exhibits thereto and authorities cited therein. Plaintiffs' counsel has conferred with Defendants' counsel as required by E.D. Mich. Local Rule 7.1(a) and explained the nature of this motion and its legal basis, and requested but did not obtain concurrence in the relief sought.

Respectfully submitted,

ENTERTAINMENT SOFTWARE ASSOCIATION,
VIDEO SOFTWARE DEALERS ASSOCIATION,
and MICHIGAN RETAILERS ASSOCIATION

By:   /s/ Alicia J. Blumenfeld
      Dennis J. Levasseur (P39778)
      Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Facsimile: (313) 259-7579
dlevasseur@bodmanllp.com
ablumenfeld@bodmanllp.com

and

JENNER & BLOCK LLP
By:   Paul M. Smith
      Katherine A. Fallow
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

2

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

   Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

   Defendants.
_____/

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

BODMAN LLP
By: Dennis J. Levasseur (P39778)
   Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Facsimile: (313) 393-7579

   and

JENNER & BLOCK LLP
By: Paul M. Smith
   Katherine A. Fallow
   Kathleen R. Hartnett
   Amy L. Tenney
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
_____/

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
By: Denise C. Barton (P41535)
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
Attorney for Defendants Governor
Jennifer A. Granholm and Attorney
General Michael A. Cox

**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1988, and Fed. R. Civ. P. 54(d), Plaintiffs, by their attorneys, respectfully move this Court for an order granting attorneys' fees, expenses, and costs to Plaintiffs, as the prevailing party in their First Amendment challenge to the "ultra-violent explicit video game" portion of 2005 Mich. Public Act 108. Based on this brief, the attached supporting materials, and the record in this case, Plaintiffs seek a total sum of $218,190.64 in fees and costs.

## BACKGROUND

Plaintiffs brought this case under 42 U.S.C. § 1983, seeking declaratory and injunctive relief against enforcement of Part II of 2005 Mich. Public Act 108 ("the Act"), a Michigan statute that, among other things, sought to impose penalties for "knowingly disseminat[ing] to a minor" what the Act defined as "an ultra-violent explicit video game that is harmful to minors." Plaintiffs' principal claim was that the restriction on the sale or rental of "ultra-violent explicit video game" violated the First Amendment of the United States Constitution and was unconstitutionally vague. This Court granted Plaintiffs' request for a preliminary injunction against enforcement of the Act on November 9, 2005, *Entertainment Software Ass'n v. Granholm*, 404 F.Supp.2d 978 (E.D. Mich. 2005), and on March 31, 2006, conclusively ruled in Plaintiffs' favor, granting a permanent injunction barring enforcement of the Act, on the basis that it violates the First and Fourteenth Amendments. *Entertainment Software Ass'n v. Granholm*, 2006 WL 901711 (E.D. Mich. March 31, 2006). Plaintiffs now seek attorneys' fees, expenses, and costs for their successful prosecution of this action.

**ARGUMENT**

Having succeeded on their challenge to the Act, Plaintiffs are now entitled to their attorneys' fees, expenses, and costs, under 28 U.S.C. § 1920, 42 U.S.C. § 1988, and Fed. R. Civ. P. 54(d). Section 1988 authorizes an award of a "reasonable attorney's fee as part of its costs" to the "prevailing party" in a 42 U.S.C. § 1983 action. 42 U.S.C. § 1988(b). As the Sixth Circuit has emphasized, an award of attorney's fees is "mandatory where the plaintiff prevails and special circumstances are absent." *Deja Vu of Nashville, Inc. v. The Metropolitan Gov't of Nashville and Davidson Cty., Tennessee*, 421 F.3d 417, 420 (6th Cir. 2005), *reh'g and reh'g en banc denied* (Dec. 16, 2005).

Here, Plaintiffs' action was brought under § 1983 to vindicate important First Amendment rights, *see* Complaint ¶¶ 56-60, they requested an award of attorneys' fees and costs in their Complaint, *see id.* ¶ 76, and they prevailed on their claim that the challenged portions of the Act are unconstitutional. *Granholm*, 2006 WL 901711 at *4-8. Plaintiffs are therefore entitled to the requested award.

**I.    PLAINTIFFS ARE ENTITLED TO THE REQUESTED FEES AND COSTS.**

    **A.    Plaintiffs Are The Prevailing Party.**

There is no question that Plaintiffs are a "prevailing party" within the meaning of 42 U.S.C. § 1988(b). They have received all of the relief sought in this action – namely a declaration that the Act is unconstitutional and an injunction preventing its enforcement. *See Granholm*, 2006 WL 901711 at *8. Because Plaintiffs have "obtain[ed] actual relief on the merits of [their] claim" that "materially alters the relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," *Farrar v. Hobby*, 506 U.S. 103, 111 (1992), they are a "prevailing party." *See*, *e.g.*, *Granzeier v. Middleton,* 173 F.3d 568,

3

577 (6th Cir. 1999) ("To be a 'prevailing party', a party must "succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit") (quoting *Farrar*, 506 U.S. at 113)).

### B.     Plaintiffs' Fees Are Reasonable.

The fees and costs that Plaintiffs seek are reasonable for litigation of this scope. An award of attorneys' fees is calculated using the lodestar method, which is determined by multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar "is presumed to be the reasonable fee," *Blum*, 465 U.S. at 888, and "includes most, if not all, of the relevant factors constituting a reasonable attorneys' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986); *accord Adcock-Ladd v. Sec. of the Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("a 'strong presumption' favors the prevailing lawyer's entitlement to his lodestar fee") (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Here, Plaintiffs seek the lodestar figure, without any adjustments.

As explained further below, both the hours incurred and the rates charged were reasonable for a case of this nature. This case involved important First Amendment principles, as the Act passed by the State of Michigan threatened the free speech rights of video game creators, publishers, and distributors, as well as video game players. *See Granholm*, 2006 WL 901711 at * 3, 6-8. Plaintiffs thus appropriately hired attorneys from the Washington, D.C. office of Jenner & Block LLP, who have substantial First Amendment experience, including specific and recent experience with challenges to similar laws restricting video game content in other jurisdictions. Declaration of Katherine A. Fallow ("Fallow Decl.") ¶¶ 3-5, 7-10 (attached

4

hereto as Exhibit 1). Jenner & Block has represented video game companies and associations in previous attempts to regulate video game expression based on its "violent" content, including the cases before the Seventh and Eighth Circuits, as well as in numerous federal district court cases, most recently in Illinois and California. Fallow Decl. ¶¶ 3-5, 7-10. Jenner & Block also represented some of the defendant video game manufacturers in the *James* case in the Sixth Circuit. *See James v. Meow Media, Inc.*, 300 F.3d 683 (6th Cir. 2002); Fallow Decl. ¶ 3, 8. Given their level of familiarity and expertise in this specialized area of law, Plaintiffs acted reasonably in retaining Jenner & Block to represent them in their challenge to the Act in this Court.

Plaintiffs' lawyers leanly staffed this case, using attorneys with appropriate levels of experience to handle the various litigation tasks. Fallow Decl. ¶¶ 2, 6. The attorneys charged Plaintiffs the normal rates that are regularly paid by their other clients. Fallow Decl. ¶ 14. The overall fees and disbursements sought in this case are reasonable and well within the range of what would be expected for this type of litigation, especially because this case implicated First Amendment rights.

    **1.**  **Plaintiffs Seek Compensation For A Reasonable Number of Hours.**

Plaintiffs' attorneys are seeking compensation for the hours and legal work listed in the edited invoices attached as Attachment A to the Declaration of Katherine A. Fallow (Exhibit 1) and the edited invoices attached as Attachment A to the Declaration of Dennis J. Levasseur ("Levasseur Decl.") (Exhibit 2). These fees pertain to work performed by Plaintiffs' attorneys throughout the course of this litigation, which included, among other things: preparing and filing a complaint; preparing and filing a motion for preliminary injunction; preparing and presenting oral argument on the preliminary injunction; responding to Defendants' motion to dismiss;

preparing and filing a motion for summary judgment; responding to Defendants' cross-motion for summary judgment; preparing and presenting oral argument, and ultimately obtaining a favorable final judgment. Fallow Decl. ¶ 6.

The extensive experience of the Jenner & Block attorneys, particularly in cases involving the First Amendment issues surrounding restrictions on video game content, made them well-suited to these responsibilities. Fallow Decl. ¶¶ 3-5, 7-10. Given Jenner & Block's experience and specialization in this field, it was reasonable of Plaintiffs to expect that Jenner & Block could perform their duties in challenging the Act more efficiently than counsel who was inexperienced in this area of law – and indeed Jenner & Block efficiently prosecuted this action. *See* Fallow Decl. ¶¶ 3, 4, 5. In particular, when Plaintiffs commenced this lawsuit, their challenge to a similar statute in Illinois was already well underway. Jenner & Block represented Plaintiffs in both cases, as well as in the contemporaneous litigation involving California's "violent" video game law. Therefore, because the other federal cases in Illinois and California presented nearly identical issues of law and expert opinion, the Jenner & Block attorneys were able to bring the already significant amount of research, analysis, and expert opinions they had recently developed in the Illinois case to bear in this case. In light of these efficiencies, Plaintiffs acted reasonably in choosing to retain Jenner & Block in this matter. *See* Fallow Decl. at ¶ 4-5.

To avoid unnecessary or duplicative work or the inefficient use of resources, Plaintiffs' counsel allocated responsibility in this case among several different attorneys, according to the experience and expertise of each attorney. Fallow Decl. ¶¶ 2, 6. Plaintiffs' counsel appropriately staffed this case in its Washington, D.C. office with a senior partner (Paul M. Smith), a junior partner (Katherine A. Fallow), a midlevel associate (Amy L. Tenney) and a junior associate (Matthew S. Hellmann), with limited amounts of assistance as necessary from

6

other associates (Kathleen R. Hartnett and Duane Pozza), each of whom did work matched to their level of experience. Fallow Decl. ¶¶ 2, 7-10; Att. A.

In addition, based on his years of experience litigating a variety of cases within this judicial district, including several First Amendment matters, Dennis J. Levasseur of Bodman LLP's Detroit Office assumed primary responsibility for filings, certain logistical matters, the preparation of certain motions, and other related duties, and contributed to the substantive aspects of the case, including the development of Plaintiffs' legal strategy. Fallow Decl. ¶¶ 2; Levasseur Decl. ¶¶ 3, 8 (attached hereto as Exh. 2). Bodman LLP also appropriately staffed this case, with Mr. Levasseur assisted in these substantial duties by Alicia Blumenfeld, a junior associate with Bodman LLP familiar with the requirements of practice in this judicial district. Michelle A. Carter, a mid-level associate, also assisted with discrete tasks. Levasseur Decl. ¶¶ 9, 10, 13, 16.

Following entry of judgment against Defendants, preparation of the fee petition was accomplished by junior partner Katherine A. Fallow with the assistance of junior associate Luke C. Platzer, each of whom performed discrete tasks in preparing and filing the petition. Fallow Decl. ¶¶ 15, 17, 19.

Based on contemporaneous time records, the Jenner & Block attorneys and paralegal staff spent the following hours working on this case (as indicated in detail in Fallow Decl. ¶ 18 and Att. A):

| ATTORNEYS | HOURS (2005) | HOURS (2006) |
|---|---|---|
| Paul M. Smith | 37.75 | 21.25 |
| Katherine A. Fallow | 92.25 | 13.75 |
| Amy L. Tenney | 165.25 | 0.25 |
| Kathleen R. Hartnett | 25.75 | 0 |
| Matthew S. Hellman | 43 | 52.75 |
| Duane Pozza | 27 | 0.5 |

7

| NON-ATTORNEY STAFF | HRS | HRS |
| --- | --- | --- |
| Cheryl L. Olson | 12.5 | 4.5 |
| Helder G. Agostinho | 17 | 0 |
| Juva J. Hepburn | 6 | 0 |
| Christopher C. Carrillo | 0 | 1 |
| Tricia J. Peavler | 0.25 | 0 |

Based on contemporaneous time records, the Bodman, LLP attorneys and paralegal staff spent the following hours working on this case (as indicated in detail in Levasseur Decl. ¶ 13 and Att. A):

| ATTORNEY | HOURS (2005) | HOURS (2006) |
| --- | --- | --- |
| Dennis J. Levasseur | 59.75 | 8.75 |
| Alicia Blumenfeld | 59.75 | 9.5 |
| Michelle A. Carter | 1.75 | 0 |

Plaintiffs' attorneys have reviewed the time records summarized above and reprinted in Attachment A to the Declaration of Katherine A. Fallow and Attachment A to the Declaration of Dennis J. Levasseur. These records already exclude time for which the firm did not feel it was appropriate to bill Plaintiffs during the course of the litigation, and also exclude additional hours to ensure that compensation is not sought for work that might be deemed as properly excluded from a court-ordered fee award. Fallow Decl. ¶¶ 16-17. For example, Plaintiffs do not request compensation for activity that, although necessary for client relations, did not directly contribute to the litigation itself. Plaintiffs also do not seek a fee enhancement based on Jenner & Block's considerable expertise and experience in this area. In addition, Plaintiffs do not seek fees for the work of in-house counsel for the ESA, who was involved extensively in all aspects of this case, including the crafting of Plaintiffs' legal arguments and review of all briefs and papers filed in this Court. The hours that remain after the attorneys' review of the time records were reasonably expended to accomplish the tasks necessary for this litigation. *See* Fallow Decl. ¶ 17; Levasseur Decl. ¶ 15.

8

**2.    Plaintiffs Seek Reasonable Hourly Rates for Their Attorneys.**

For the time period relevant to this application, the usual hourly rates for the Jenner & Block attorneys and paralegal staff – reflecting, among other things, their years of practice and experience – were (*see* Fallow Decl. ¶¶ 13-14):

| ATTORNEY | RATE (2005) | RATE (2006) |
| --- | --- | --- |
| Paul M. Smith | $585 | $600 |
| Katherine A. Fallow | $425 | $450 |
| Amy L. Tenney | $340 | $385 |
| Kathleen R. Hartnett | $340 | N/A |
| Matthew S. Hellman | $275 | $325 |
| Duane Pozza | $275 | $325 |

| NON-ATTORNEY STAFF | RATE (2005) | RATE (2006) |
| --- | --- | --- |
| Cheryl L. Olson | $210 | $225 |
| Helder G. Agostinho | $110 | $125 |
| Juva J. Hepburn | $210 | $225 |
| Christopher C. Carrillo | $110 | $120 |
| Tricia J. Peavler | $210 | N/A |

These are the same hourly rates charged by Jenner & Block to Plaintiffs in this and other cases. *See* Fallow Decl. ¶ 14. These rates are similar to prevailing market rates charged by attorneys of comparable experience and expertise. *See id*. These are also the rates charged by these attorneys for paying clients in other cases. *See id*. ¶ 14. While the rates reflect Washington, D.C. rather than local rates, the intimate familiarity of Jenner & Block attorneys with the specialized subject matter of the litigation allowed them to handle the matter with far greater efficiency and productivity than could have been accomplished by Detroit-based counsel lacking such expertise. *See* Fallow Decl. ¶¶ 3, 4, 5, 14; *cf. Northcross v. Bd. of Ed. of the Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979), *reh'g denied* (Jan 17, 1980) ("the attorneys' intimate familiarity with the issues involved in this litigation undoubtedly meant that their time was far more productive in this area than would be that of a local attorney with less

9

expertise"). Here, as detailed above, Plaintiff's engagement of Jenner & Block in this matter was both reasonable and efficient, and "no 'rare' or 'exceptional' circumstances have overcome the 'strong presumption'" that Plaintiffs' counsel is "entitled to [its] full lodestar fee." *Adcock-Ladd*, 227 F.3d at 351.[1]

For the time period relevant to this application, the usual hourly rates for the Bodman LLP attorneys – reflecting, among other things, their years of practice and experience – were (*see* Levasseur Decl. ¶ 11):

| ATTORNEY | RATE (2005) | RATE (2006) |
| --- | --- | --- |
| Dennis Levasseur | $320 | $335 |
| Alicia J. Blumenfeld | $155 | $165 |
| Michelle A. Carter | $165 | N/A |

These are the same hourly rates the Bodman LLP attorneys customarily charged clients for services by the listed attorneys at the time when these services were rendered on behalf of Plaintiffs in this case. *See* Levasseur Decl. ¶ 11. These rates are similar to prevailing market rates charged by attorneys of comparable experience and expertise. *See* Levasseur Decl. ¶ 11. These are also the rates charged by these attorneys for paying clients in other cases. *See* Levasseur Decl. ¶ 11. Also, because these Bodman LLP attorneys are Detroit-based, these rates comport with the rates prevailing in the community for a case of this nature. *Id*.

Because the rates sought here are the actual rates that Plaintiffs' counsel charge their private paying clients, including Plaintiffs, the rates are presumptively correct. *See Northcross*,

---

[1] It also bears noting that a substantial portion of Plaintiffs' attorneys' fees were incurred solely because Defendants insisted on continuing to litigate this matter even after it should have been clear, both from the decisions of other courts considering similar legislation in other jurisdictions and from this Court's preliminary injunction order, that Plaintiffs most likely would prevail. *See Entertainment Software Ass'n v. Blagojevich*, 404 F. Supp. 2d 1051 (N.D. Ill. 2005); *Video Software Dealers v. Schwarzenegger*, 401 F. Supp. 2d 1034 (N.D. Cal. 2005); *Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954 (8th Cir. 2003); *Am. Amusement Mach. Ass'n v. Kendrick*, 244 F.3d 572 (7th Cir. 2001); *Video Software Dealers Ass'n v. Maleng*, 325 F. Supp. 2d 1180 (W.D. Wash. 2004); *Granholm*, 404 F. Supp. 2d 978.

611 F.2d 624 at 638 ("the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney"). The Sixth Circuit has emphasized that "[w]here a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee," and that any "reduction in attorney fees is to be applied only in rare and exceptional cases where specific evidence in the record requires it." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005), *reh'g and reh'g en banc denied* (July 29, 2005) (citing *Adcock-Ladd*, 227 F.3d at 349-50). Here, no such circumstances are present and plaintiffs should recover the full fee amount.

      **C.**     **Plaintiffs Are Entitled to the Requested Expenses and Costs.**

With regard to expenses and costs, the edited invoices attached to the Fallow and Levasseur Declarations detail the out-of-pocket expenses incurred. These expenses were necessarily incurred and are the type of out-of-pocket expenses normally billed to fee-paying clients. As such, they are recoverable as part of Plaintiffs' attorneys' fees. *See West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 87 n.3 (1991); *Northcross*, 611 F.2d at 639 ("Reasonable photocopying, paralegal expenses, and travel and telephone costs" are "recoverable pursuant to the statutory authority of § 1988). Additional documentation of these expenses and costs is attached to the Fallow Declaration and the Levasseur Declaration.

**II.**     **PLAINTIFFS' AWARD SHOULD EQUAL $233,235.01.**

Multiplying the time worked by each attorney by the hourly rates for each year yields the following calculation (*see* Fallow Decl. ¶ 13, 18, Att. A; Levasseur Decl. ¶¶ 11, 13, Att. A):

11

**JENNER & BLOCK**

| ATTORNEYS | RATE-05 | HRS | RATE-06 | HRS | TOTAL |
|---|---|---|---|---|---|
| Paul M. Smith | $585 | 37.75 | $600 | 21.25 | 34,833.75 |
| Katherine A. Fallow | $425 | 92.25 | $450 | 13.75 | 45,393.75 |
| Amy L. Tenney | $340 | 165.25 | $385 | 0.25 | 56,281.25 |
| Kathleen R. Hartnett | $340 | 25.75 | N/A | 0 | 8,755.00 |
| Matthew S. Hellman | $275 | 43 | $325 | 52.75 | 28,968.75 |
| Duane Pozza | $275 | 27 | $325 | 0.5 | 7,587.50 |

| PARALEG. STAFF | RATE-05 | HRS | RATE-06 | HRS | TOTAL |
|---|---|---|---|---|---|
| Cheryl L. Olson | $210 | 12.5 | $225 | 4.5 | 3,637.50 |
| Helder G. Agostinho | $110 | 17 | N/A | 0 | 1,870.00 |
| Juva J. Hepburn | $210 | 6 | N/A | 0 | 1,260.00 |
| Christopher C. Carrillo | N/A | N/A | $120 | 1 | 120.00 |
| Tricia J. Peavler | $210 | 0.25 | N/A | 0 | 52.50 |

**JENNER & BLOCK SUBTOTAL:**          **$ 188,760.00**

**BODMAN LLP**

| ATTORNEYS | RATE-05 | HRS | RATE-06 | HRS | TOTAL |
|---|---|---|---|---|---|
| Dennis J. Levasseur | $320 | 59.75 | $335 | 8.75 | 22,051.25 |
| Alicia J. Blumenfeld | $155 | 59.75 | $165 | 9.5 | 10828.75 |
| Michelle A. Carter | $165 | 1.75 | N/A | 0 | 288.75 |

**BODMAN LLP SUBTOTAL:**          **$ 33,168.75**

**ALL FEES SUBTOTAL:**          **$ 221,928.75**

Plaintiffs also seek reimbursement for associated expenses in this case in the amount of $11,306.26 ($8,245.18 for Jenner & Block, and $3,061.08 for Bodman LLP), an amount that encompasses all "costs" as defined by 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), as well as other disbursements that were billed to and paid by Plaintiffs as a component of attorneys' fees. *See* Fallow Decl., Att. A; Levasseur Decl. Atts. A & B.

Adding fees and expenses, Plaintiffs request a total compensation of $233,235.01. The fees and expenses are substantiated by the exhibits attached to this brief.[2]

**CONCLUSION**

The attorneys' fees sought here are reasonable and not excessive. They are consistent with those rates normally charged by the Plaintiffs' attorneys to their fee-paying clients for the type of work in question, and to the extent they deviate from local rates, it is because engagement of a national law firm extensively familiar with the subject matter reasonably allowed plaintiffs' counsel to conduct this litigation more efficiently than could have been conducted by local counsel lacking such expertise. Likewise, the expenses and costs sought here are due to be recovered as they were necessarily incurred during the course of the lawsuit as out-of-pocket expenses, and are of the same type as those ordinarily charged to clients by counsel. Accordingly, for the reasons set forth above, this Court should award Plaintiffs the attorneys' fees, litigation expenses, and costs as requested.

---

[2] These amounts do not include fees for work incurred in preparing the fee petition, because those fees have not yet been billed. Plaintiffs will supplement their petition when those records become available.

Respectfully submitted,

ENTERTAINMENT SOFTWARE ASSOCIATION,
VIDEO SOFTWARE DEALERS ASSOCIATION,
and MICHIGAN RETAILERS ASSOCIATION


By:   /s/ Alicia J. Blumenfeld_____
        Dennis J. Levasseur (P39778)
        Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone:  (313) 259-7777
Facsimile:  (313) 259-7579
dlevasseur@bodmanllp.com
ablumenfeld@bodmanllp.com

and

JENNER & BLOCK LLP
By:    Paul M. Smith
        Katherine A. Fallow
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066


April 17, 2006

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION, VIDEO SOFTWARE DEALERS ASSOCIATION, and MICHIGAN RETAILERS ASSOCIATION,<br><br>            Plaintiffs,<br><br>vs.<br><br>JENNIFER M. GRANHOLM, in her official capacity as Governor of the State of Michigan; MICHAEL A. COX, in his official capacity as Attorney General of the State of Michigan; and KYM L. WORTHY in her official capacity as Wayne County Prosecuting Attorney,<br><br>            Defendants.                                  / | Case No: 05-73634<br><br>Hon. George Caram Steeh<br><br>Magistrate Judge Steven D. Pepe |

**PROOF OF SERVICE**

Alicia J. Blumenfeld certifies that she is an employee of Bodman LLP, that on April 17, 2006 she caused to be served a copy of **Plaintiffs' Motion for Attorneys' Fees and Costs**, **Plaintiff's Brief in Support of Plaintiffs' Motion for Attorneys' Fees and Costs**, and this Proof of Service upon the person(s) listed below via electronic filing:

Denise C. Barton, Esq.
Jason R. Evans, Esq.
Assistant Attorney General
Department of Attorney General
525 W. Ottawa Street, Floor 5
P.O. Box 30736
Lansing, Michigan 48909

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

   /s/ Alicia J. Blumenfeld   
Alicia J. Blumenfeld