# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

    Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

    Defendants.
_____/

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

BODMAN LLP
By:   Dennis J. Levasseur (P39778)
       Alicia J. Blumenfeld (P67511)
6th Floor at Ford Field
1901 St. Antoine
Detroit, Michigan 48226
Telephone: (313) 259-7777
Facsimile: (313) 393-7579
    and

JENNER & BLOCK LLP
By:   Paul M. Smith
       Katherine A. Fallow
       Kathleen R. Hartnett
       Amy L. Tenney
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
_____/

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
By:   Denise C. Barton (P41535)
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
Attorney for Defendants Governor
Jennifer A. Granholm and Attorney
General Michael A. Cox

## INTRODUCTION

Plaintiffs successfully challenged Michigan's "violent" video games law, which this Court permanently enjoined as violating the First and Fourteenth Amendments. The State has failed to appeal a single aspect of the Court's ruling, and Plaintiffs are therefore clearly the prevailing party. The State now seeks to avoid the financial repercussions of its decision to pass a patently unconstitutional law by generalized and unsupported attacks on Plaintiffs' fee petition. But the Sixth Circuit has emphasized that "a strong presumption favors the prevailing lawyer's entitlement to his lodestar fee," and that "modifications to the lodestar are proper only in certain rare and exceptional cases." *Adcock-Ladd v. Sec. of the Treasury*, 227 F.3d 343, 349-50 (6th Cir. 2000) (internal citations omitted). The full requested fee should be awarded.[1]

## ARGUMENT

### I. Plaintiffs Reasonably Engaged the Services of Specialized Counsel, Who Efficiently Prosecuted the Case.

The State argues that Plaintiffs' request for fees should be reduced because Plaintiffs retained lead counsel based in Washington, D.C. instead of locating Detroit-based counsel with lower hourly rates to perform those tasks. Op. Br. at 13-14. But that argument ignores Jenner & Block's specialized expertise and its corresponding greater efficiency in prosecuting Plaintiffs' constitutional challenge. Under well-established Sixth Circuit law, departure from local rates is warranted in those cases that "by their content and character, require the employment of 'out-of-town specialists'" whose rates may exceed those charged by local attorneys. *Anderson v. Wilson*, 357 F. Supp. 2d 991, 997-98 (E.D. Ky. 2005) (citing *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). Plaintiffs are entitled to recover the costs of out-of-town counsel where "(1) . . .

---

[1] Plaintiffs additionally are entitled to their costs in litigating the fee petition itself, *see Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986), and reserve the right to supplement the record with evidence thereof.

hiring the out-of-town specialist was reasonable in the first instance, and (2) . . . the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix*, 65 F.3d at 535; *see also Adcock-Ladd*, 227 F.3d at 351.

Both requirements are met here. Jenner & Block has represented the video game industry in the five other cases involving similar laws, and therefore has unique expertise. Locally obtained counsel would have been required to expend significant effort to familiarize themselves with legal and factual issues with which Jenner & Block was already intimately familiar. *See* Fallow Decl. ¶¶ 3, 4, 5, 14; *see also Northcross v. Bd. of Educ. of the Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979), *reh'g denied* (Jan 17, 1980) (awarding fees for out-of-town civil rights attorneys because "the attorneys' intimate familiarity with the issues involved in [this] litigation undoubtedly meant that their time was far more productive in this area than would be that of a local attorney with less expertise"). Thus, even though Jenner & Block's hourly rates may exceed those customarily charged by attorneys in the Detroit area, it was reasonable to hire Jenner & Block and that firms' rates and fees are themselves reasonable as well. *See Hadix*, 65 F.3d at 535; Fallow Decl. at ¶ 14; *see also Anderson*, 357 F. Supp. 2d at 997-97 (hiring out-of-town counsel is reasonable where "a specialized attorney was needed in light of the complex First Amendment" issues); *Crosby v. Bowater Inc. Retirement Plan for Salaried Employees of Great Northern Paper, Inc.*, 262 F. Supp. 2d 804, 814 (W.D. Mich. 2003) (hiring specialists reasonable because case "necessitated an extremely high-level of attorney skill" and "Plaintiff's attorneys have excellent experience, reputations and abilities").[2]

---

[2] The State also challenges the rates charged by Jenner & Block's paralegals. Op. Br. at 14-15. But because it was reasonable for Plaintiff to hire Jenner & Block, the use of Jenner & Block paralegals is also reasonable.

2

## II. Plaintiffs Seek Compensation for a Reasonable Number of Hours.

The State also challenges the number of hours that Plaintiffs' counsel spent litigating the case, but relies only on a series of abstract and generalized objections. Op. Br. at 2-12. None of these objections shows any "rare and exceptional" circumstances justifying departure from the lodestar fee.

First, the State alleges duplication of efforts by both Jenner & Block and Bodman LLP. *See* Op. Br. at 3-6. But the few entries cited by the State, Op. Br. at 5, 6, show nothing of the sort.[3] It is hardly surprising that Jenner & Block attorneys conferred with one another and with their clients about the case, that senior members of the Jenner & Block team reviewed the work of more junior members, and that local counsel reviewed Jenner & Block's work to ensure compliance with local rules and to assist in tailoring Plaintiff's litigation strategy to the venue. These are all activities that would normally be expected in a case of this scope – not indicia of work duplication. *Cf. Kadri v. Johnson*, 2005 WL 3454330 at *6 (W.D. Tenn. Dec. 16, 2005) (finding reasonable time billed for "communication between . . . attorneys, who performed the bulk of the legal work in the case"). This case is nothing remotely like *Gratz v. Bollinger*, 353 F. Supp. 2d 929 (E.D. Mich. 2005), where a national test case was staffed by "at least sixteen lawyers in three different cities." *Id.* at 942. Categorical fee reductions such as those imposed in *Gratz* are thus unwarranted.

Second, the State complains generally that Plaintiffs' attorney time entries are "vague," but cites only 3.5 hours' worth of senior partner Paul M. Smith's preparation time prior to the

---

[3] Moreover, the State's selective and partial quotations of billing entries is misleading. For example, the State cites an entry of 9/15/05 for Amy Tenney as billing for 9.25 hours for " . . . conferred with K. Fallow, P. Smith, and K. Hartnett re litigation strategy; telephone conferences with local counsel re litigation plan." Op. Br. at 5. But the State fails to include the entire entry, which reflects substantial independent work on preparing the preliminary injunction motion, along with supporting affidavits, for filing. *See* Fallow Decl. Ex. A, at 16.

3

initiation of the litigation to support that characterization, *see* Op. Br. 7. Both Jenner & Block and Bodman LLP's invoices provide substantial detail and are easily distinguishable from the vague invoices the court found to require a fee reduction in *Gratz*. *Compare* 353 F. Supp. 2d at 939 (entries for "telephone conference," "office conference," "research," and "review article" as necessitating 10% reduction), *with* Fallow Decl. Ex. A; Levasseur Decl. Ex. A. Given this level of detail, and the fact that Plaintiffs prevailed in all aspects of this suit, Plaintiffs' counsel's aggregation of activities into single daily entries, to which the State also objects, Op. Br. at 7-8, does not present the same issues as in *Gratz*, where such aggregation prevented separation of time spent on issues on which plaintiffs prevailed from those on which they did not. *See* 353 F. Supp. 2d at 938; *see also Michael v. Windsor Gardens, LLC*, 2005 WL 1320189 at *12 (E.D. Tenn. June 2, 2005) ("no deduction is warranted" for "'lumping' of time on a daily basis" so long as entries are "sufficient to identify the general subject matter of [counsel's] time expenditures"). The State's request for an across-the-board 5% reduction of fees on this basis is thus unwarranted.

Third, the State's general challenge to the total number of hours spent by Plaintiffs' attorneys on this case is unsupported and meritless. Op. Br. at 10.[4] The State notes the overlapping issues between this case and the lawsuit in Illinois, *id.*, but that is why Plaintiffs' attorneys spent significantly fewer hours litigating this case as compared to the case in Illinois. Indeed, the fees sought in this case are approximately *one-third* the fees being sought in Illinois. *See* Plaintiffs' Motion for Attorneys' Fees and Costs, *ESA v. Blagojevich*, No. 05 C 4265 (N.D. Ill. March 15, 2006) (seeking nearly $650,000 in fees and costs). The lower amount sought here

---

[4] The State notes that six Jenner & Block attorneys billed time to the case, Op. Br. at 10, but as the fee records reflect, nearly 90% of the work was performed by lead counsel Paul Smith, junior partner Katherine Fallow and two associates, Amy Tenney and Matthew Hellman. *See* Pl. Br. at 7-8; Fallow Decl. ¶¶ 2, 7-10 & Ex. A.

4

already reflects the absence of discovery in this case and the fact that, as already explained, Plaintiffs' counsel was able to use much of the legal and expert research developed in the Illinois case to litigate this case very efficiently. *See* Fallow Decl. ¶ 14.

The State attempts to turn Jenner & Block's experience with similar cases against Plaintiffs, arguing that the overlap between the cases entitles the State to an across-the-board fee reduction of 25%. Op. Br. at 11-12. But as courts within the Sixth Circuit have recognized, "even when briefing can be recycled, its recycling still involves significant numbers of attorney hours to tailor it and to ensure that the recycled briefing is factually accurate and legally pertinent to the circumstances of the present law suit." *Crosby*, 262 F. Supp. 2d at 815. The State's citation to "similarities" between the pleadings in this case and in Illinois ignores the fact that Plaintiffs' counsel were required to consider the specifics of the Michigan law and to respond to the State's particular arguments in support of its motion to dismiss, motion to transfer venue, opposition to the motion for a preliminary injunction, and summary judgment pleadings. It would have been impossible to ignore the particular issues presented by the Michigan law, and the State's suggestion that the Plaintiffs should be penalized for thoroughly addressing the issues in this case should not be countenanced.

The State's remaining scattershot objections to Plaintiffs' requested fees should be similarly rejected. For example, the $200 "one time" admission fee for attorney Paul Smith to this court, as well as his expenses to travel to Detroit for oral argument in this case, Op. Br. at 8-9, were both reasonably incurred given that he served as lead counsel in the case.[5]

---

[5] Although Plaintiffs believe it was reasonable to seek admission for other Jenner & Block attorneys, Plaintiffs are willing to withdraw their request for the $400 in admission fees for attorneys other than Paul Smith.

5

In sum, Plaintiffs' counsel efficiently – but carefully – litigated this case. The State's vague objections are meritless and ignore that the "'most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)), *reh'g and reh'g en banc denied* (July 29, 2005). Plaintiffs are therefore entitled to recover the entirety of the fees and costs they expended in winning this important First Amendment case.

## CONCLUSION

Plaintiffs respectfully request that the Court award attorneys fees and costs in the full requested amount.

    Respectfully submitted,

    ENTERTAINMENT SOFTWARE ASSOCIATION,
    VIDEO SOFTWARE DEALERS ASSOCIATION,
    and MICHIGAN RETAILERS ASSOCIATION

    By:   /s/ Alicia J. Blumenfeld
          Dennis J. Levasseur (P39778)
          Alicia J. Blumenfeld (P67511)
    6th Floor at Ford Field
    1901 St. Antoine
    Detroit, Michigan 48226
    Telephone: (313) 259-7777
    Facsimile: (313) 259-7579
    dlevasseur@bodmanllp.com
    ablumenfeld@bodmanllp.com

    and

    JENNER & BLOCK LLP
    By:   Paul M. Smith
          Katherine A. Fallow
    601 Thirteenth Street, N.W., Suite 1200
    Washington, DC 20005
    Telephone: (202) 639-6000
    Facsimile: (202) 639-6066

May 22, 2006

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.       /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

## PROOF OF SERVICE

Alicia J. Blumenfeld certifies that she is an employee of Bodman LLP, that on the 22nd day of May, 2006, she caused to be served a copy of **Plaintiffs' Reply Brief in Support of Plaintiffs' Motion for Attorneys' Fees and Costs** and this Proof of Service upon the person(s) listed below via electronic filing:

> Denise C. Barton, Esq.
> Jason R. Evans, Esq.
> Assistant Attorney General
> Department of Attorney General
> 525 W. Ottawa Street, Floor 5
> P.O. Box 30736
> Lansing, Michigan 48909

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

          /s/ Alicia J. Blumenfeld
          Alicia J. Blumenfeld