UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

           Plaintiffs,

vs.

Case No. 05-73634

HON. GEORGE CARAM STEEH

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY, in her official capacity as
Wayne County Prosecutor,

           Defendants.
_____/

## ORDER REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND REQUEST FOR SUPPLEMENTAL BRIEFS

This Court heard oral argument on plaintiffs' motion for attorneys' fees on June 29, 2006. Plaintiffs are the prevailing party in this civil rights action and are therefore entitled to an award of a "reasonable attorney's fee" pursuant to 42 U.S.C. § 1988(b). A reasonable fee is "one that is 'adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" Blum v. Stenson, 465 U.S. 886, 897 (1984). In this case, plaintiffs hired out-of-town counsel whose rates exceed those charged by local Detroit counsel. When fees are sought for an "out-of-town specialist", the Court must determine "(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable

for an attorney of his or her degree of skill, experience, and reputation." Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995) (citations omitted).

The Court finds that it was reasonable for plaintiffs to hire Jenner & Block because of their expertise in the issues involved with this litigation, given their involvement in representing the video game industry in five other cases involving similar laws.  See Northcross v. Bd. of Educ. Of the Memphis City Schools, 611 F.2d 624, 637 (6th Cir. 1979) (awarding fees for out-of-town civil rights attorneys because "the attorneys' intimate familiarity with the issues involved in [this] litigation undoubtedly meant that their time was far more productive in this area than would be that of a local attorney with less expertise").  While Detroit has its share of qualified First Amendment attorneys, Jenner & Block was uniquely qualified to head the litigation effort on behalf of plaintiffs due to their recent and on-going involvement in other jurisdictions, the compressed time-frame involved, and their sole access to deposition transcripts of expert witnesses in the Illinois case.

Having found that it was reasonable to hire Jenner & Block, the Court must determine whether the rates sought are reasonable.  The Court feels strongly that a reasonable fee is one which will attract competent counsel, not the best or most expensive counsel.  The Court is also cognizant that for lodestar tabulation purposes, the fee charged by counsel for the prevailing party is the base-point reasonable fee. Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 351 (6th Cir. 2000)

The Court would be aided by the parties providing briefs and materials which address the prevailing rates in the Washington D.C. market.  Plaintiffs shall make their submission, with their brief limited to 10 pages, no later than July 20, 2006.  Defendants

have until August 3, 2006 to respond, and are likewise limited to 10 pages.  Plaintiffs may file a 5 page reply brief no later that August 10, 2006.

    It is so ordered.

                      S/George Caram Steeh
                      GEORGE CARAM STEEH
                      UNITED STATES DISTRICT JUDGE

Dated:  July 6, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 6, 2006, by electronic and/or ordinary mail.

                      S/Josephine Chaffee
                      Secretary/Deputy Clerk