## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

          Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

          Defendants.

_____ /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

**PLAINTIFFS' SUPPLEMENTAL
BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS**

BODMAN LLP
By:    Dennis J. Levasseur (P39778)
        Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone: (313) 259-7777
Facsimile: (313) 393-7579

      and

JENNER & BLOCK LLP
By:    Paul M. Smith
        Katherine A. Fallow
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

_____ /

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
By:    Denise C. Barton (P41535)
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
Attorney for Defendants Governor
Jennifer A. Granholm and Attorney
General Michael A. Cox

Dockets.Justia.com

In its order dated July 6, 2006, the Court found that it was reasonable Plaintiffs to hire Jenner & Block as an "out-of-town specialist" for its successful challenge to the State of Michigan's unconstitutional video game legislation, and requested supplementary information regarding prevailing rates in the Washington, D.C. area. Pursuant to the Court's Order, Plaintiffs hereby submit briefing and materials concerning prevailing Washington, D.C. rates and the reasonableness of the rates sought by Plaintiffs in their fee petition.

## ARGUMENT

Under well-established Sixth Circuit law, reasonable fees for an "out-of-town specialist" are defined as those "reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). Because Jenner & Block's rates are customary and reasonable for attorneys of similar skill, experience, and reputation within the Washington, D.C. legal market, Plaintiffs are entitled to recover the full claimed amount of $232,835.01 in this case.[1]

The hourly rates charged by Jenner & Block attorneys in this case—which are the rates they customarily charge their paying clients—are reasonable in light of the prevailing rates in the Washington, D.C. market. First, Jenner & Block's customary rates are well within the reported range of rates customarily charged by attorneys of similar skill and experience in the Washington, D.C. area. Second, as this Court recognized in its July 6 Order, the "base-point reasonable hourly rate, for lodestar tabulation purposes," is the "customary" fee the attorney charges its paying clients. *Adcock-Ladd v. Sec. of the Treasury*, 227 F.3d 343, 351 (6th Cir.

---

[1] This represents the originally claimed amount of $233,235.01, minus $400 in admission fees (which request Plaintiffs have withdrawn). Plaintiffs also are entitled to an additional 3% of the total hourly fees as reimbursement for the costs of preparing and litigating the fee petition itself. *See Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). If the Court so requires, Plaintiffs are prepared to submit evidence demonstrating that their costs of litigating the attorneys' fees in this case now exceed 3% of the total hourly fee that Sixth Circuit law authorizes. *Id.*

2000).  In determining reasonable attorneys' fees within the District of Columbia, federal courts recognize the presumption that the actual rate charged is the reasonable market rate in the relevant legal community.  *See Adolph Coors Co. v. Truck Ins. Exchange*, 383 F. Supp. 2d 93, 98 (D.D.C. 2005).  Plaintiffs are therefore entitled to the requested fees and costs.

I.    **Jenner & Block's Hourly Rates Accord With the Rates Charged by Counsel  in the Washington, D.C. Area with Similar Levels of Skill, Experience, and Reputation.**

In determining the reasonable hourly rate for an out-of-town expert reasonably retained by a party, the Court looks to the prevailing hourly rates in the out-of-town counsel's home market.  *See Adcock-Ladd*, 227 F.3d at 351; *Crosby v. Bowater Inc. Retirement Plan for Salaried Employees of Great Northern Paper, Inc.* 262 F. Supp. 2d 804, 813-14 (W.D. Mich. 2003) (assessing reasonable rate for out-of-town counsel based in Detroit).  The hourly rates charged by Jenner & Block to Plaintiffs in this case are comparable to the rates charged by attorneys of similar expertise and experience in the Washington, D.C. area.  *See* Fallow Decl. ¶ 14; Second Declaration of Katherine A. Fallow (attaching surveys of Washington, D.C. billing rates).

The sampling of rates summarized in Exhibit 1 to the Second Fallow Declaration were provided to the *National Law Journal* ("*NLJ*") by Washington D.C. firms of reputation similar to Jenner & Block that regularly engage in cases of similar complexity.  Second Fallow Decl. ¶ 5. Courts in the District of Columbia regularly rely on such surveys, in conjunction with attorneys' own affidavits, as evidence of the prevailing market rates in the Washington, D.C. legal community.  *See Covington v. Dist. of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995); *Salazar v. Dist. of Columbia*, 123 F. Supp. 2d 8, 14 (D.D.C. 2000); *Save Our Cumberland Mountains, Inc. v. Hodel*, 651 F. Supp. 1528, 1539 (D.D.C. 1986).  The billing rates published in the *NLJ* indicates that comparable firms in the Washington, D.C. area charge rates similar to, if not

exceeding, those charged by Jenner & Block in this case.  The 2005 rates for the Washington,

D.C. area firms listed in the *NLJ* survey were:

| LAW FIRM | PARTNER RATES (2005) | ASSOCIATE RATES (2005) |
|---|---|---|
| Arent Fox | $350 - $580 | $195 - $395 |
| Covington & Burling | $420 - $720 | $190 - $440 |
| Dickstein Shapiro Morin & Oshinsky | $400 - $675 | $210 - $390 |
| Hogan & Hartson | $250 - $750 | $130 - $475 |
| McKenna Long & Aldridge | $290 - $575 | $175 - $385 |
| Patton Boggs | $275 - $800 | $190 - $380 |
| Swidler Berlin | $385 - $660 | $215 - $400 |
| Venable | $285 - $1,000 | $200 - $440 |
| Wiley Rein & Fielding | $325 - $660 | $205 - $335 |

Second Fallow Decl. Ex. 1.  Jenner & Block's rates fall well within these ranges.  *See id.* at ¶ 5.

Jenner & Block's rates are also consistent with the rates reported in a 2005 national billing

survey, which included eighteen law firms in the Washington, D.C. area.  *Id.* ¶ 7, Ex. 2 (Altman

Weil's *The Survey of Law Firm Economics*, 2005 ed.).[2]

## II.    Jenner & Block's Customary Hourly Rates Presumptively Reflect Market Rates Within the Relevant Legal Community.

Like the Sixth Circuit, federal courts in the District of Columbia have held that an

attorney's usual billing rates, when "in line with those prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience, and reputation," are

presumptively reasonable, *Martini v. Fed. Nat'l Mortgage Ass'n*, 977 F. Supp. 482, 485 (D.D.C.

1997), and that the rate that a law firm can command from its paying clients is the market rate for

that firm's services.  *See Adolph Coors Co. v. Truck Ins. Exchange*, 383 F. Supp. 2d 93, 98

---

[2] Though Jenner & Block's rates fall within the upper percentile of rates reported in *The Survey of Law Firm Economics*, Plaintiffs submit that Jenner & Block's expertise and skills fully justify the rates charged.  *See* Fallow Decl. ¶¶ 7-10, 14.

(D.D.C. 2005).[3] Courts similarly have recognized that the rates charged by large, well-established law firms may reasonably exceed the rates charged by smaller firms, because of the greater resources and legal talent such firms can make available to their clients. *See Wilcox v. Sisson*, 2006 U.S. Dist. LEXIS 33404, at *8-9, n.6, & 15 (D.D.C. May 25, 2006). The substantial resources Jenner & Block provides to its clients—combined with the presumption that its customary rates are the "base-point reasonable hourly rate" for lodestar calculation purposes—entitle Plaintiffs to full recovery of Jenner & Block's customary rates in this case. *See Adcock-Ladd*, 227 F.3d at 351.

## CONCLUSION

The hourly rates charged by Jenner & Block are reasonable in light of rates prevailing within the Washington, D.C. area for attorneys of similar skill, experience, and reputation. Accordingly, for the reasons set forth above, Plaintiffs respectfully request that the Court award attorneys fees and costs in the full requested amount of $232,835.01.

---

[3] The United States Attorney's Office for the District of Columbia also publishes the "*Laffey* Matrix," which courts within the District of Columbia have applied to set or increase attorneys' fees in cases where prevailing parties' counsel do not bill out their services at market rates, such as where counsel charges a low rate out of public interest motivations. *See, e.g., Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107-08 (D.C. Cir. 1995); *Sexcius v. Dist. of Columbia*, 839 F. Supp. 919, 921 (D.D.C. 1993); *Hodel*, 651 F. Supp. at 1540 (D.D.C. 1986). Courts have recognized, however, that the *Laffey* rates are lower than those prevailing in the District of Columbia for complex litigation, and hence have steadfastly refused requests by defendants to lower prevailing parties' attorneys' rates down to *Laffey* rates when market data are available. *See Adolph Coors*, 383 F. Supp. 2d at 98 ("The defendant's assertion that the court has some power to reduce what Dickstein, Shapiro actually charges to its clients to the *Laffey* rate . . . is unsupported by law, logic, or economics.").

Respectfully submitted,

ENTERTAINMENT SOFTWARE ASSOCIATION,
VIDEO SOFTWARE DEALERS ASSOCIATION,
and MICHIGAN RETAILERS ASSOCIATION


By:    /s/ Alicia J. Blumenfeld_____
         Dennis J. Levasseur (P39778)
         Alicia J. Blumenfeld (P67511)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
Telephone:  (313) 259-7777
Facsimile:  (313) 259-7579
dlevasseur@bodmanllp.com
ablumenfeld@bodmanllp.com

and

JENNER & BLOCK LLP
By:    Paul M. Smith
         Katherine A. Fallow
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066


July 20, 2006

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

                Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY  in her official capacity as
Wayne County Prosecuting Attorney,

                Defendants.              /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

## PROOF OF SERVICE

    Alicia J. Blumenfeld certifies that she is an employee of Bodman LLP, that on the 20th

day of July, 2006, she caused to be served a copy of **Plaintiffs' Supplemental Brief in Support**

**of Plaintiffs' Motion for Attorneys' Fees and Costs** and this **Proof of Service** upon the

person(s) listed below via electronic filing:

Denise C. Barton, Esq.
Jason R. Evans, Esq.
Assistant Attorney General
Department of Attorney General
525 W. Ottawa Street, Floor 5
P.O. Box 30736
Lansing, Michigan 48909

    I declare under penalty of perjury that the foregoing statement is true and correct to the

best of my information, knowledge and belief.

                                          /s/ Alicia J. Blumenfeld
                                          Alicia J. Blumenfeld