# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ENTERTAINMENT SOFTWARE
ASSOCIATION, VIDEO SOFTWARE
DEALERS ASSOCIATION, and MICHIGAN
RETAILERS ASSOCIATION,

        Plaintiffs,

vs.

JENNIFER M. GRANHOLM, in her official
capacity as Governor of the State of Michigan;
MICHAEL A. COX, in his official capacity as
Attorney General of the State of Michigan; and
KYM L. WORTHY in her official capacity as
Wayne County Prosecuting Attorney,

        Defendants.
_____ /

Case No: 05-73634

Hon. George Caram Steeh

Magistrate Judge Steven D. Pepe

BODMAN LLP
By:   Dennis J. Levasseur (P39778)
       Alicia J. Blumenfeld (P67511)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 259-7777
Facsimile: (313) 393-7579
       and

JENNER & BLOCK LLP
By:   Paul M. Smith
       Katherine A. Fallow
       Luke C. Platzer
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
_____ /

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
By:   Denise C. Barton (P41535)
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
Attorney for Defendants Governor
Jennifer A. Granholm and Attorney
General Michael A. Cox

## PLAINTIFFS' REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

710580_1

The State devotes most of its brief to arguing that it was not reasonable or necessary for Plaintiffs to retain Jenner & Block to prosecute their constitutional challenge, and therefore Detroit-based rates should apply. But this Court has already concluded that "it was reasonable for plaintiffs to hire Jenner & Block," July 6 Order at 2, and the question before the Court in this supplemental briefing is whether Jenner & Block's out-of-town rates are reasonable in light of prevailing D.C. rates and their degree of skill, experience, and reputation. *See Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). Plaintiffs have submitted evidence showing that the Jenner & Block attorneys charged their customary rate, which is the "base-point reasonable hourly rate" "for lodestar tabulation purposes." July 6 Order at 2. In addition, Plaintiffs have submitted evidence demonstrating that the rates charged by Jenner & Block are well within the range of rates customarily charged by attorneys of similar skill and experience in the Washington, D.C. area. *See* Supp. Fallow Decl. Exs. 1 & 2.

The State nevertheless seeks to reduce Jenner & Block's rates based on the so-called "*Laffey* Matrix." The *Laffey* Matrix is a table of legal rates for the Washington, D.C. legal market published by the United States Attorney's Office, and is calculated by making cost-of-living adjustments to a survey of rates charged by local attorneys in 1981-82. *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984); Def. Ex. 1 (Laffey Matrix) n.3.[1] But the *Laffey* does not provide a basis for reducing Jenner & Block's customary rates here.

As the D.C. Circuit in *Laffey* itself explained, in determining the reasonable rate for private attorneys, "[t]he marketplace best measures 'market value'; appraisal by no other method has as much claim to veracity and objectivity." *Laffey*, 746 F.2d at 18; *accord Adcock-Ladd v.*

---

[1] The State's brief incorrectly attributes the starting point for these rates to 1993 rather than 1981-82. *See* Opp. Br. at 6.

710580_1

*Sec. of the Treasury*, 227 F.3d 343, 351 (6th Cir. 2000). The point of fee matrices such as the *Laffey* matrix, as well as the National Law Journal and Altman Weil Surveys submitted by Plaintiffs, *see* Exs. 1 & 2 to Supp. Fallow Decl., is not to function as the automatic rates whenever a fee-shifting statute applies. *See Adolph Coors Co. v. Truck Ins. Exchange*, 383 F. Supp. 2d 93, 98 (D.D.C. 2005) ("the *Laffey* Matrix, published by the United States Attorney's Office, is a concession by that office of what it will deem reasonable . . . it does not follow that the rate [plaintiff's counsel] charges its clients should not be allowed as the market rate . . . ."); *Griffin v. Washington Convention Ctr.*, 172 F. Supp. 2d 193, 199 (D.D.C. 2001) ("there is nothing automatic about the application of '*Laffey*' rates"). The point of fee matrices, rather, is to ensure that attorneys' actual market rates fall within a range reasonably comparable to those charged by others doing similar work in the same community. *See Save Our Cumberland Mountains, Inc. v. Hodel*, 651 F. Supp. 1528, 1537-38 (D.D.C. 1986) ("In almost every case, the firms' established billing rates will provide fair compensation . . . As a check on this general rule, the *Laffey* decision suggests that the reviewing court 'bracket' this rate by establishing that it falls within the rates charged by other firms for similar work in the same community.") (internal citations omitted).

The D.C. Circuit has thus emphasized that "fee matrixes are somewhat crude"[2] and "provide a useful starting point," but that "[t]o supplement any matrix that has been offered, plaintiffs may also provide surveys to update the matrix; affidavits reciting the precise fees that attorneys with similar qualifications have received from fee-paying clients in comparable cases; and evidence of recent fees awarded by the courts or through settlement to attorneys with comparable qualifications handling similar cases." *Covington v. District of Columbia*, 57 F.3d

---

[2] The *Laffey* matrix, for instance, has been criticized by the D.C. Circuit for the fact that it "lumps attorneys with four to seven years experience in the same category," as well as attorneys "with eleven to nineteen" years experience. *Covington*, 57 F.3d at 1109.

1101, 1109 (D.C. Cir. 1995); *reh'g and reh'g en banc denied* (Sept. 12, 1995). Here, as previously demonstrated in Plaintiffs' supplemental brief through affidavits and market surveys, Jenner & Block's rates fall within the range of rates charged by firms doing similar legal work in the Washington, D.C. area. *See* Pl. Supp. Br. at 3.[3]

The State points to cases in which D.C. courts have awarded *Laffey* rates, *see* Opp. Br. at 5-6, but it has not cited a single case where a court has done what the State is requesting here—reduce attorneys' market rates billed to a paying client, which are presumed reasonable, *see Laffey*, 746 F. 2d at 18,[4] based solely on the fact that they are higher than the fee schedule in the *Laffey* matrix. In the cases cited by the State, *Laffey* rates were sought by plaintiffs because their counsel actually billed at lower rates, such as out of public interest motivations. *See, e.g., Covington*, 57 F.3d at 1107-08; *Muldrow v. Re-Direct, Inc.*, 397 F. Supp. 2d 1, 4 (D.D.C. 2005); *Sexcius v. Dist. of Columbia*, 839 F. Supp. 919, 921 (D.D.C. 1993); *Hodel*, 651 F. Supp. at 1540. Although courts in D.C. have held that *plaintiffs* seeking attorneys' fees for counsel charging reduced rates for "non-economic, public-spirited reasons" may rely on the *Laffey* matrix alone as evidence of a reasonable rate, *see Covington*, 57 F.3d at 1103, they have rejected arguments by defendants that the *Laffey* rates should function as caps when private attorneys' actual market rates are higher. *See Adolph Coors Co.*, 383 F. Supp. 2d at 98.[5]

---

[3] The State's additional exhibit, a Helder Associates Billing Survey, provides little insight. *See* Def. Exs. 2-4. One table provides only general billing information for the "Eastern" region of the United States. Def. Ex. 2. While the State claims that these rates represent "D.C. and New York," *see* Opp. Br. at p. 7, the table at Ex. 3 indicates that the survey also includes data from lower-priced legal markets including Atlanta, Boston, Baltimore, and Philadelphia. *See* Opp. Br. Ex. 3. The median associate rates provided in the survey, moreover, provide no information as to the range of rates charged or the complexity of the work represented, and the partner rates are not broken down by level of attorney experience.

[4] *See also Martini v. Fed. Nat'l Mortgage Ass'n*, 977 F. Supp. 482, 485 (D.D.C. 1997); *Adolph Coors Co.*, 383 F. Supp. 2d at 98 (D.D.C. 2005).

[5] In one case cited by the State, *McDowell v. District of Columbia*, 2006 U.S. Dist. LEXIS 46371 at *4-5 (2006), the district court applied the *Laffey* rates published by the U.S. Attorney's Office in lieu of updated *Laffey* rates urged by the Plaintiff and approved by the Court in *Salazar v.*

3

The hourly rates charged by Jenner & Block are thus reasonable in light of the prevailing market rate in the District of Columbia, entitling Plaintiffs to full recovery of Jenner & Block's customary rates. Moreover, for the reasons set forth in Plaintiffs' fee petition and reply brief, and as stated at oral argument, the number of hours spent prosecuting Plaintiffs' successful constitutional challenge are also reasonable.[6] Accordingly, Plaintiffs are entitled to recover the full amount of fees and costs they incurred in their successful constitutional challenge.

Respectfully submitted,

ENTERTAINMENT SOFTWARE ASSOCIATION,
VIDEO SOFTWARE DEALERS ASSOCIATION,
and MICHIGAN RETAILERS ASSOCIATION

BODMAN LLP

By: /s/ Alicia J. Blumenfeld
Dennis J. Levasseur (P39778)
Alicia J. Blumenfeld (P67511)
6th Floor at Ford Field, 1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 259-7777
dlevasseur@bodmanllp.com
ablumenfeld@bodmanllp.com

and

JENNER & BLOCK LLP
By: Paul M. Smith
Katherine A. Fallow
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000

August 10, 2006

---

*District of Columbia*, 123 F. Supp. 2d 8, 13-14 (D.D.C. 2003). The court did so, however, because Plaintiff failed to establish an evidentiary record in support of the claimed higher rates. *Id*. at *4-5. Here, Plaintiffs have submitted such evidence. *See* Supp. Fallow Decl. & Exs. 1&2.

[6] As Plaintiffs have explained, although the significant overlap between the issues in this case and the challenge in Illinois meant that far fewer attorney hours were expended in this case as compared to Illinois, the two laws were not identical, and necessarily Plaintiffs' attorneys were obliged to do the background legal and analytical work necessary to tailor their arguments to the particular elements of the Michigan law in light of Sixth Circuit law.

4

710580_1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION, VIDEO SOFTWARE DEALERS ASSOCIATION, and MICHIGAN RETAILERS ASSOCIATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>JENNIFER M. GRANHOLM, in her official capacity as Governor of the State of Michigan; MICHAEL A. COX, in his official capacity as Attorney General of the State of Michigan; and KYM L. WORTHY in her official capacity as Wayne County Prosecuting Attorney,<br><br>    Defendants.    / | Case No: 05-73634<br><br>Hon. George Caram Steeh<br><br>Magistrate Judge Steven D. Pepe |

## PROOF OF SERVICE

Alicia J. Blumenfeld certifies that she is an employee of Bodman LLP, that on the 10th day of August, 2006, she caused to be served a copy of **Plaintiffs' Reply to Defendant's Supplemental Brief in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs** and this **Proof of Service** upon the person(s) listed below via electronic filing:

> Denise C. Barton, Esq.
> Jason R. Evans, Esq.
> Assistant Attorney General
> Department of Attorney General
> 525 W. Ottawa Street, Floor 5
> P.O. Box 30736
> Lansing, Michigan 48909

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

                                                                     /s/ Alicia J. Blumenfeld
                                                                       Alicia J. Blumenfeld